MERRIT LEWIS, Appellant, v. JACKSON WALKER *et al.*, Respondents.

Kansas City Court of Appeals, April 1, 1895.

Action: FRAUDULENT CONVEYANCE: COMPROMISE WITH CREDITORS: ESTOPPEL. N. conveyed his property to L. N.'s creditors sued L., to to set aside the conveyance as fraudulent; and, on a compromise of that action, the creditors undertook to indemnify and hold L. harmless on account of the said conveyance, or any damage growing out of his connection therewith. Subsequently, another creditor of N.'s brought suit and recovered of L. his debt against N. *Held,*

    (1) L. could not maintain an action on the covenant of indemnity given by the former creditors, since it was a covenant to protect the covenantee in defrauding the other creditors of N., and such, therefore, as the courts can not enforce.

    (2) And L., in such action on such covenant, will not be heard to say that he was a *bona fide* purchaser, as that question was judicially determined against him.

*Appeal from the Harrison Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*A. F. Woodruff* and *Sallee & Goodman* for appellant.

(1)   The petition logically states facts constituting a good cause of action, is regular in form and ought to be sustained.   Bliss on Code Pleading [2 Ed.], secs. 151, 175, 176, 177, 210, 268, 276, 287c, 425a; R. S. Mo. 1889, sec. 2039, and cases cited in note "*b*" to said section; *Coal Co. v. Quade*, 28 Mo. App. 421; *White v. Railroad*, 34 Mo. App. 57; *Mitchell v. Clinton*, 99 Mo. 153; *Warnick v. Baker*, 42 Mo. App. 439; *Bricker v. Stone*, 47 Mo. App. 530; *Weaver v. Harlan*, 48 Mo. App. 319 at 323; *Dillon v. Hunt*, 82 Mo. 150; *Ealls v. Bank*, 79 Mo. 182; *Stillwell v. Hamm*, 97 Mo. 579; *Hurst v. Ash Grove*, 96 Mo. 168; *Mellor v. Railroad*, 105 Mo. 455 at 466; *Alexander v. Campbell*, 74 Mo. 142; *Poe v. Domec*, 48 Mo. 441; *State v. Pace*, 34 Mo. App. 458; *State ex rel. v. Williams*, 77 Mo. 463; *Grove v. City of Kansas*, 75 Mo. 672; R. S. 1889, sec. 2100. (2)   The petition declares that the conveyance from Needles to plaintiff was for a valuable consideration, but, if it had admitted that said conveyance was fraudulent, it would still be a good petition, because it pleads facts which estop defendants from raising the question of fraud as to said conveyance.   Bump on Fraud. Con. [3 Ed.], pp. 464, 467, 468, 469, 472, 473; *Burrows v. Alter*, 7 Mo. 424; Herman on Estoppel [1 Ed.], Vol. 2, secs. 1023, 1024, 1038, 1039, 1056, 1057, 1058, 1060 and 1069; *Gutzwiller v. Lackman*, 23 Mo. 158; *Martin v. Maddox*, 24 Mo. 575; *Bobb v. Woodward*, 50 Mo. 95; *Austin v. Loring*, 63 Mo. 19, at 22; *Chase v. Williams*, 74 Mo. 429; *Mason v. Jacob*, 93 Mo. 331; *Adlum v. Yard*, 18 Am. Dec. 608, and cases cited in note, beginning on page 621; *Renick v. Bank*, 8 Ohio, 529; *Seymour v. Lewis*, 13 N. J. Eq. 429; *Johns v. Bolton*, 12 Penn. 339.

*D. J. Heaston* and *J. W. Peery* for respondents.

(1)  A promise or agreement to hold one harmless from loss or damage in a contest with another's creditors, in which the object of the party to whom the covenant or promise is made, is to hold the property from the creditors, is illegal and void, and no action can be maintained on such covenant. *Harrison v. McCluney*, 32 Mo. App. 481. And this is true, even though the promise or covenant is founded upon an adequate and valuable consideration. Where the contract or promise grows immediately out of, and is connected with, an illegal or immoral act, a court of justice will not lend its aid to enforce it; and if the contract in fact be only connected with an illegal transaction, and growing immediately out of it, though it be in fact a new contract, it is equally tainted by it. *Buckingham v. Fitch*, 18 Mo. App. 91; *Armstrong v. Toler*, 11 Wheat. 258; *Harrison v. McCluney, supra;* Lawson on Contracts, sec. 179; Bishop, Cont., secs. 59, 74, 216, 270, *et seq.*, 469, 476, 488, 493; *Everingham v. Meighan*, 55 Wis. 354; *Porter v. Jones*, 52 Mo. 399; *Harwood v. Knapper*, 50 Mo. 456; *Hook v. Turner*, 22 Mo. 333; *Kick v. Merry*, 23 Mo. 72; *Parsons v. Randolph*, 21 Mo. App. 353; *Atlee v. Fink*, 75 Mo. 100. The covenant upon which this action is based may be illegal and void, notwithstanding the other covenants in the bond or agreement may be valid. Lawson, Cont., secs. 339, 342, 343; *Peltz v. Echole*, 62 Mo. 171; *Webb v. Allington*, 27 Mo. App. 559; *Crumpston v. Lambert*, 18 Ohio, 81, (51 Am. Dec. 442); Lawson on Contracts, sec. 297, *et seq.; Ives v. Jones*, 40 Am. Dec. 421, and note; *Armstrong v. Toler, supra; Harrison v. McCluney, supra; Attaway v. Bank*, 93 Mo. 485. (2) There is no question of estoppel in this case. The covenant or promise upon which the action is

based, is a mere executory agreement, which it is now sought to enforce, at the suit of one of the parties, by a recovery of damages for its breach. In such case it is elementary law, that, if the promise or covenant be illegal, the law simply declines to aid either of the parties, and leaves them where it finds them. *Powell v. Inman,* 82 Am. Dec. 426 (8 Jones, Law (N. C.), 436); *Fenton v. Ham,* 35 Mo. 409; *Harwood v. Knapper, supra.*

GILL, J.—The trial court sustained an objection to the introduction of any evidence on plaintiff's petition, on the ground that said petition failed to state a cause of action, and the propriety of this ruling is now before us for review.

The petition is very lengthy, but in substance sets up the following facts: In December, 1886, one A. J. Needles was indebted to defendants Walker, Monson, Wren, Stockwell, Nelson and others. About that time, and while so indebted, Needles conveyed certain lands in Harrison county, Missouri, to plaintiff Lewis. Shortly thereafter these defendants, creditors of Needles, brought suit against Lewis to set aside and cancel the deed from Needles and to subject said real estate to the payment of their claims, basing said action on the alleged fraud of Lewis and Needles to cheat his (Needles') creditors.

During the pendency of said action, the parties thereto, to wit: Walker, Monson, Wren, Stockwell and Nelson (plaintiffs therein), and Lewis (the defendant in said action) got together and effected a settlement and compromise, whereby it was agreed that Lewis should convey said Needles' land to said creditors, who were to dismiss the suit brought against Lewis, pay a $700 mortgage, which he, Lewis, had placed on the property, together with $100 in cash; and, besides, said Walker, Monson *et al.*, agreed to, and did, exe-

cute to Lewis their bond, or obligation, in writing, whereby said parties agreed, "to hold said Lewis harmless from all liability for any attacks that may be made upon him by creditors of A. J. Needles on account of the conveyance to said Lewis from said Needles, or growing out of the connection of said Lewis with said lands."

After this settlement was made and bond executed, Travis, another of Needles' creditors (and who was unprovided for) brought his suit by garnishment against Lewis, charging the conveyance from Needles to have been fraudulent, and made to hinder, delay and defraud Needles' creditors, etc. On the trial of the issues therein, Travis had a verdict and judgment, and recovered of Lewis the sum of $250 and costs. Of this proceeding the petition alleges defendants herein had due notice.

Lewis paid the Travis judgment, and seeks by this action to recover the amount from these defendants by reason of their written obligation "to hold said Lewis harmless from all liability for any attacks that may be made upon him by creditors of A. J. Needles, on account of the conveyance to said Lewis from said Needles, or growing out of the connection of said Lewis with said lands."

The petition in this case discloses a complaint which the courts will not heed. It is the province of courts to enforce lawful contracts, and they will not lend their aid to those which grow immediately out of, and which are directly connected with, illegal or immoral acts. *Ex turpi causa non oritur actio.* Any act forbidden by law can not be the foundation of a valid contract. Bishop on Contracts, secs. 471, 549; *Harrison v. McCluncy*, 32 Mo. App. 481; *Hatch v. Hanson*, 46 Mo. App. 323, and cases cited; *Bick v. Seal*, 45 Mo. App. 475.

The case in hand is. this:   Plaintiff Lewis was in possession and had the apparent title to certain property belonging to the debtor, Needles, and which had been transferred to Lewis so as to get it out of the reach of Needles' creditors.   Some of these creditors (defendants in this suit) sought by legal proceedings to take this property away from the fraudulent grantee (Lewis) and subject it to the satisfaction of their claims against Needles.   But a compromise was effected, and this suit was dismissed, Lewis turning over to these defendants a portion of the property he fraudulently held while he (Lewis) retained the remainder, coupled with an obligation by the defendants that they would protect him (Lewis) in the enjoyment of said remainder.   The property thus left with Lewis did not, under the admitted facts of the case, belong to Lewis, nor to these defendants, after their claims were settled.   It was Needles' property, and was rightly subjected to the claims of his creditors.   It had in the first place been fraudulently acquired by Lewis while assisting Needles in defrauding his creditors.   He was forced to part with a portion thereof, but further conspired with the defendants to withhold the remainder from other creditors of Needles; and the defendants, by the agreement here sued on, obligated themselves to save and protect said Lewis in the enjoyment of this fraudulently acquired property. The manifest purpose of the parties was to allow Lewis to go forward and partially accomplish the fraudulent scheme entertained when he took a conveyance of the property from Needles.   Nor will plaintiff be heard now to say that he was a *bona fide* purchaser of the Needles' property, for, according to the allegation of the petition, that question was tried and judicially determined against him.   The covenant sued on was clearly one to protect the covenantee in defrauding

the other creditors of 'Needles, and such, therefore, as the courts will not enforce.

The judgment of the circuit court will, therefore, be affirmed. All concur.