MARTHA WILSON, Respondent, v. A. J. SALIS-
BURY, and E. H. SALISBURY, Appellants.

Kansas City Court of Appeals, November 25, 1912.

1. JUDGMENTS: Executions: Equity.  It is not necessary to have an execution issued and a return of *nulla bona* before commencing an action to charge real estate with a lien to enforce a judgment, where it is shown that the debtor was insolvent.

2. GIFTS: Fraudulent Conveyances.  A gift by an insolvent father of his property to his son is fraudulent as to creditors of the father.

3. BILLS AND NOTES: Secondary Liability.  The defense, to an action on a note which had been negotiated and afterwards paid by the payee, that plaintiff was released from liability because the purchaser had extended the time of payment without the payee's knowledge or consent and that payment by the payee was therefore voluntary, cannot be raised in an action to enforce the lien of the judgment obtained by the payee against the makers of the note on real estate given one of the latter to his son.

Appeal from Sullivan Circuit Court.—*Hon. Fred
Lamb,* Judge.

AFFIRMED.

*John W. Brigham* and *Smoot & Cooley* for appellants.

(1)   Plaintiff was an indorser on the note and only secondarily liable, and was therefore released by the unauthorized extension of time, it being made without her knowledge and for a valuable consideration. Sec. 10090 and 10161, R. S. 1909; Jamison v. Copher, 35 Mo. 483; Nelson v. Brown, 140 Mo. 580.   Therefore,

whether the payment was made by Martha Wilson the plaintiff or her husband G. W. Smith, the payment was voluntary. She cannot attack the conveyance. Lakenan v. Roberts, 9 Mo. App. 179. It is held that even though the indorser consents to the discharge of a maker it releases the indorser. Eggman v. Henson, 56 Mo. 123; Brown v. Croy, 74 Mo. App. 462. A security once dead cannot be revived for any purpose. Bank v. Freund, 80 Mo. App. 657. (2) The conveyance from A. J. to E. H. Salisbury was not voluntary; there was a valid and substantial consideration paid and in order to defeat the conveyance an actual intent to defraud must be shown. No such intent was shown, and the court did not so find. The evidence shows there was no such intent. Bank v. Vollrath, 135 Mo. App. 63.

*D. M. Wilson* and *J. W. Clapp* for respondent.

(1) The conveyance of A. J. Salisbury to E. H. Salisbury was invalid as to existing creditors, regardless of the intent with which it was made. Dunlap v. Mitchell, 80 Mo. App. 393; Bank v. Vollrath, 135 Mo. App. 63; Bank v. Winn, 132 Mo. 80; Childers v. Pickenpaugh, 219 Mo. 376. (2) The deposition of A. J. Salisbury, a party to the suit, was admissible, although he was present at the trial. Bank v. Nichols, 202 Mo. 323. (3) Issue of execution and return of *nulla bona* may be dispensed with when it is shown that the debtor is insolvent. Merry v. Freeman, 44 Mo. 518; Turner v. Adams, 46 Mo. 95; Iron Co. v. McDonald, 61 Mo. App. 569. (4) A judgment cannot be attacked for an omitted defense. It is conclusive, and where it is on a note it fixes the relation of debtor and creditor as beginning at the time the note was given. Smoot v. Judd, 184 Mo. 541; Walther v. Null, 233 Mo. 104; Childers v. Pickenpaugh, 219 Mo. 376.

BROADDUS, P. J.—This is a suit to charge certain real estate with a lien to enforce a judgment.

On October 23, 1907, Jacob Salisbury, as principal, with the defendants, A. J. and E. H. Salisbury as sureties, executed their promissory note for $104.50, payable to plaintiff, Martha Wilson, due in one year after date. Jacob and E. H. were the sons of A. J. Salisbury. Soon thereafter and before due, the plaintiff transferred the note to the Farmers' Bank at Pollock. Before the maturity of the note the defendant, A. J. Salisbury, sold and conveyed the land sought to be charged to his son, the defendant, E. H. Salisbury. The consideration agreed to be paid was the assumption by the grantee of mortgage indebtedness on the land to about $3000, and the payment of unsecured debts of A. J. and E. H. Salisbury, which it is claimed amounted to about $1800 or $1900, but that of plaintiff was not included; and as an inducement to E. H. Salisbury to buy the land, the father allowed him in the sale $3000 as the son's part of the father's estate, the father having previously given to each of his other children an equal or greater amount; and the son was to pay his father in cash the balance of what the value of the farm amounted to, rating it all at forty dollars per acre, except about twelve acres which was rated at thirty-five dollars per acre. The total value of the farm was thus estimated to be about $8601. The evidence tended to show that A. J. was insolvent and that he had little or no other property except the said real estate.

Over plaintiff's objection defendants were allowed to show that while the bank held the note it extended to Jacob, the principal therein, without the consent of the sureties, time for payment, that is, for six months. After the expiration of the time extended, the defendant E. H. was called upon to pay the note, but he refused. Afterwards, the bank

received from G. W. Wilson, the plaintiff's husband, the amount of the note and interest and wrote on its face the words "paid in full," and surrendered it. Thereafter, plaintiff brought suit against all three of the signers of the note, but dismissed as to defendant E. H. and took judgment by default against Jacob and A. J. Salisbury. Thereafter, this suit was instituted. The court found that the conveyance was voluntary to the extent of $3000, being the amount which was to be given E. H. Salisbury to equalize his share in the father's estate; and rendered judgment charging the land with a lien to the amount of plaintiff's judgment. The defendants appealed.

It is contended that plaintiff was an indorser of the note and, as such, was only secondarily liable, and was, therefore, released by the unauthorized extension of time, it being made without her knowledge and for a valuable consideration. Therefore, whether the payment was made by plaintiff or her husband, it was voluntary, for which reason she cannot attack the conveyance.

. Without going into the correctness of defendants' premises that plaintiff was only secondarily liable and was by the act of the bank extending the time for the payment of the note released, it does not follow that their conclusion that she cannot now attack the validity of the conveyance is correct. If it is true that plaintiff, being secondarily liable, was released from all liability by the act of the bank extending the time for the payment of the note, it should have been set up as a defense to the suit on the note. As between the same parties and the same subject-matter, a judgment on the merits of the first action constitutes a bar to the second action as to any admissible matter which might have been received to sustain or defeat the demand. [Paving Co. v. Field, 132 Mo. App. 628 and authorities cited.]

Ledbetter v. Kirksville.

As the court did not affirmatively decide that the conveyance was made with a fraudulent intent, it is contended that the same was not void as to creditors. In support of this theory defendants rely upon the case of Bank v. Vollrath, 135 Mo. App. 63. There the court held that the transfer was not voluntary and the existence of an intention to defraud did not necessarily follow, but the opinion recognizes the universal doctrine that a gift by an insolvent father of his property to his son is fraudulent as to creditors. One of the latest expressions on the question is found in Childers v. Pickenpaugh, 219 Mo. 376. See also Bank v. Nichols, 202 Mo. l. c. 323.

The deposition of A. J. Salisbury, who was in court at the trial, was read over the objections of defendant. The practice is permissible on the ground that they are declarations of the adverse party. [Bank v. Nichols, supra.]

It was not necessary that plaintiff should have procured an execution and return of *nulla bona,* the debtor having been proved insolvent. [Turner v. Adams, 46 Mo. 95; Iron Co. v. McDonald, 61 Mo. App. 559.] Affirmed. All concur.