GENTRY *et al.* v. FIELD *et al.*, *Appellants.*

Division Two, March 29, 1898.

1.  **Evidence:** SUIT TO SET ASIDE DEED: ALLOWANCES: JUDGMENT CRED-ITORS.   In a suit to set aside a deed as fraudulent as to creditors, certificates of allowances in proper form and under the hand and seal of the judge of probate, showing that a large number of claims, including those of plaintiffs, had been allowed against the estate of the deceased grantor, are admissible in evidence both for the purpose of showing that plaintiffs were judgment creditors of the estate of such deceased grantor at the time of commencing this suit and also that his estate was insolvent.

Gentry v. Field.

2. ———: ———: ———: PRESUMPTIONS. He who asserts error must prove it. So that certificates of allowance against the estate of a deceased person, under the seal of the probate court, will be presumed to be in proper form when they are not copied into the record.

3. ———: INVENTORY. The inventory of the estate of a deceased person is admissible in evidence in a suit to set aside a deed, for the purpose of showing what property he owned at the time of his death.

4. Conveyances: VOLUNTARY. Whether a full or fair consideration passes from a daughter to her father or not, the deed is not voluntary so long as there is a valuable consideration for the land conveyed to her by him.

5. ———: ———: VALUABLE CONSIDERATION. A conveyance in payment of a note long since barred by the statute of limitations is supported by a valuable consideration.

6. ———: STATEMENTS OF DECEASED PERSONS. A statement by a deceased person in his lifetime that $500 he had received from a daughter was a birthday present and not a loan, made to third parties in the absence of the daughter, is not admissible evidence against her; but if by disregarding such evidence the finding of the chancellor is seen to be clearly right, the judgment will not be reversed because such evidence was improperly admitted.

6. ———: FRAUD: WITHHOLDING DEEDS FROM RECORD. A failure to record a deed to a grandson until after the death of the insolvent grantor, will not be held to be fraudulent unless fictitious credit has been given to the grantor upon the faith of the ownership by him of the property conveyed, or unless by withholding the deed from record some one has been misled to his injury.

7. ———: ———: ———: OTHER CIRCUMSTANCES. While inadequacy of consideration or the withholding of deeds from the record would, if taken alone, be entitled to little consideration in a proceeding to set aside a deed as fraudulent, yet these facts coupled with many others of a like character justify the finding of the trial judge that the deed was made in fraud of creditors.

*Appeal from Boone Circuit Court.*—HON. CHAS. MARTIN, Special Judge.

AFFIRMED.

*Turner & Hinton, Henry B. Babb* and *W. M. Williams* for appellants.

(1) The court erred in admitting in evidence probate certificates of allowance offered by plaintiffs. R. S.

1889, sec. 4881; Freeman on Judg. [4 Ed.], sec. 252; Greenl. on Ev. [14 Ed.], secs. 538 and 539; *Ford v. O'Donnell*, 40 Mo. App. 51.    Said certificates, if admissible, were not sufficient to prove in the case at bar that Ellis was indebted as alleged in plaintiff's petition.    Greenl. on Ev. [14 Ed.], sec. 511; Freeman on Judg. [4 Ed.], sec.'420; R. S. 1889, sec. 4881. (2) The court erred in admitting in evidence administrator's inventory of the estate of John Ellis.    It was secondary in character.    It was prepared by a creditor of deceased, a plaintiff, and attorney for other plaintiffs in this action.    (3)   The court erred in admitting in evidence the testimony of witnesses H. B. Craig and Peter Ellis, and any other testimony relating to alleged statements by John Ellis to the effect that a certain draft for $500 was a gift from Amanda E. Field, because they would be excluded if Ellis were living.    *Bruce v. Sims*, 34 Mo. 250; *White v. Ingram*, 110 Mo. 482; Wharton's Ev. [3 Ed.], sec. 226.   Because it was hearsay.   Greenl. on Ev. [14 Ed.], sec. 99; *Young v. Keller*, 16 Mo. App. 550; *Bush v. Collins*, 35 Kan. 535. Because said alleged statements were self-serving. Greenl. on Ev. [14 Ed.], sec. 149; Wharton's Law of Ev. [3 Ed.], sec. 228. (4) The whole of the testimony of defendant John E. Field by deposition was admissible.   The direct examination was clearly so because it related wholly to events since the appointment of the administrator of the estate.    *Wade v. Hardy*, 75 Mo. 394; R. S. 1889, sec. 8918.   Besides, no objection was made to it.    The testimony in response to cross-examination was admissible because all objection was waived by plaintiff's cross-examination. Greenl. on Ev. [14 Ed.], sec. 421; Abbott's Trial Ev., p. 66, par. 20; *Brooks v. Crosby*, 22 Cal. 50; *Levering v. Langley*, 8 Minn. 107; *King v. Haney*, 46 Cal. 560; *Tomlinson v.*

*Ellison*, 104 Mo. 105. (5) The testimony of the witness Babb was admissible because it is not excluded by the statute. R. S. 1889, sec. 8918; *Klopfer v. Levi*, 33 Mo. App. 322. Because it related to the consideration for the conveyance. *McConnell v. Brayner*, 63 Mo. 461; *Fontaine v. Boatmen's Savings Inst.*, 57 Mo. 561; *Dalyns v. Rice*, 22 Mo. App. 448; *Miller v. McCoy*, 50 Mo. 214; *Hollacher v. Hollacher*, 62 Mo. 267. Because it related to declarations against interest by the deceased. Greenl. on Ev. [14 Ed.], sec. 147; Wharton's Ev. [3 Ed.], sec. 226; *Klopfer v. Levi*, 33 Mo. App. 326. Because it was part of the *res gestae.* Greenl. on Ev., sec. 108; Wharton's Ev., sec. 259; *State v. Evans*, 65 Mo. 574; *Colt v. Ladue*, 54 Mo. 486; *Robinson v. Walton*, 58 Mo. 380; *Patchen v. Biggerstaff*, 25 Mo. App. 538. Because plaintiffs first opened the question by allegation in their petition and by parol testimony. *Railroad v. Plate*, 92 Mo. 614. (6) The court erred in finding that the consideration for the conveyance was inadequate, and that such inadequacy was a sufficient ground for setting aside the sale. *Roe v. Mitton*, 2 Wilson, 338; *Copis v. Middleton*, 2 Madd. 410; *Munn v. Ladbrooke*, 8 T. R. 521; *Chamberlain v. Dorrence*, 69 Ala. 40; 2 Bigelow on Fraud, pp. 500, 501; *Novelty Mfg. Co. v. Pratt*, 21 Mo. App. 171. (7) Plaintiffs are estopped by their pleading from any contention that the value of the real estate was greater than $6,000. Thompson on Trials, sec. 197; *Coles v. Foley*, 13 Mo. App. 249; *Horton v. Railroad*, 83 Mo. 542; *Scott v. Robards*, 67 Mo. 289; *Kuhn v. Weil*, 73 Mo. 215 ; *Well v. Posten*, 77 Mo. 289; *Bullene v. Smith*, 73 Mo. 151; *Ely v. Railroad*, 77 Mo. 36; *Home v. Carters' Adm'r*, 20 Fla. 45; *Ballance v. Rankin*, 12 Ill. 420; *Rupert v. Mark*, 15 Ill. 540; *Winsternly v. Meacham*, 58 Ill. 99; *Holmes v. Jones*, 121 N. Y. 466. (8) The court erred in finding from all the evidence that the grantor

intended to defraud his creditors. *Ryan v. Young*, 79 Mo. 30; *Shelley v. Booth*, 73 Mo. 74; *Funkhauser v. Lay*, 78 Mo. 462; *Craig v. Zimmerman*, 87 Mo. 478; *Albert v. Bessel*, 88 Mo. 150; *Sexton v. Anderson*, 95 Mo. 375; *Chapman v. McIlwraith*, 77 Mo. 38; *Robinson v. Driver*, 118 Mo. 534; *Garesche v. McDonald*, 103 Mo. 1.

*Odon Guitar* and *N. T. Gentry* for respondents.

(1) Inadequacy of price is a circumstance of great weight against the validity of the sale. *Stern v. Mason*, 16 Mo. App. 477; *Ames v. Gilmore*, 59 Mo. 549; *Curd v. Lackland*, 49 Mo. 454; *Morgan v. Wood*, 30 Mo. App. 255; 2 Pomeroy's Eq. Jur., p. 971; *Robinson v. Robards*, 15 Mo. App. 459; *State ex rel. v. Mason*, 112 Mo. 381. When the inadequacy is gross and the grantor is insolvent there is in such a case a violent presumption of a secret trust. *Shelton v. Church*, 38 Conn. 416; *Marshall v. Green*, 24 Ark. 410. (2) Insolvency in connection with other facts will affect the purchaser with notice of fraudulent intent on the part of the grantor. Even the fact of insolvency alone, if known to the purchaser, may be sufficient to put him upon inquiry. *State ex rel. v. Merritt*, 70 Mo. 284; *Bibb v. Baker*, 17 B. Mon. (Ky.) 292; *Hartshorn v. Eams*, 31 Me. 93. (3) Relationship is calculated to awaken suspicion, and dealings between near relatives are closely scrutinized. 8 Am. and Eng. Ency. of Law. Relations are held to a fuller and stricter proof of consideration. Bump on Fraudl. Conv. [2 Ed.], sec. 67; *Martin v. Duncan*, 41 N. E. Rep. 43; *Leavitt v. Laforce*, 71 Mo. 353; *Bank v. Barker*, 40 Pac. Rep. 765. While relationship or insolvency alone may not be sufficient to establish fraud, yet when combined or added to other suspicious circumstances they do furnish satisfactory proof of fraud.

*Renney v. Williams*, 89 Mo. 145; *Van Raalte v. Harrington*, 101 Mo. 602; *Burton v. Boyd*, 7 Kan. 17. (4) Secrecy is a circumstance connected with other facts from which fraud may be inferred. Wait on Fraudl. Conv. [2 Ed.], sec. 234; May on Fraudl. Conv. [2 Ed.], p. 100; *Warner v. Norton*, 20 How. 460; *Haven v. Richardson*, 5 N. H. 127. Withholding a deed from record is a badge of fraud. *Zimmer v. Miller*, 1 Atl. Rep. (Md.) 858; *King v. Moon*, 42 Mo. 560. Relationship, insolvency and secrecy make out a *prima facie* case of fraud. *Reiger v. Davis*, 67 N. C. 186; *Moore v. Roe*, 35 N. J. Eq. 90. (5) The conveyance of his entire estate was a gross fraud. *Snyder v. Free*, 114 Mo. 374; *Goshan v. Snodgrass*, 17 W. Va. 769; *Hartshorn v. Eams*, 31 Me. 99; *Sayre v. Fredericks*, 10 N. J. Eq. 207; *Redfield v. Buck*, 35 Conn. 328; *Bradley v. Buford*, Sneed (Ky.), 12. Such a transfer must be regarded as altogether unusual and extraordinary and when proceeding from an embarrassed debtor, it creates a presumption of dishonesty and fraud. Wait an Fraudl. Conv. [2 Ed.], sec. 231; *Bibb v. Baker*, 17 B. Mon. (Ky.) 305; *Wheldon v. Wilson*, 44 Me. 20; *Hughes v. Roper*, 42 Tex. 126; May on Fraudl. Conv., p. 32; *Embury v. Clemm*, 30 N. J. Eq. 523. (6) If a part of the alleged indebtedness is fraudulent, it will taint the whole transaction and avoid the entire sale. *Boland v. Ross*, 120 Mo. 217; *State ex rel. v. Hope*, 102 Mo. 410; *Nat'l Tube Works v. Machine Co.*, 118 Mo. 376; *Elser v. Graber*, 69 Tex. 222; *Cordes v. Straszer*, 8 Mo. App. 61; *Segers Sons v. Thomas*, 107 Mo. 635. A fictitious consideration vitiates the whole transaction. *Winchester v. Charter*, 97 Mass. 140. (7) An instrument which on its face speaks an entirely different language from the real transaction, will always be viewed by the law with the highest degree of distrust and disapprobation, and will be the ob-

ject of doubt and suspicion. *Ayres v. Husted*, 15 Conn. 513; *Davis v. Turner*, 4 Gratt. 426; *Pickett v. Pipkin*, 64 Ala. 526; *Freybe v. Tiernan*, 76 Tex. 291; *Lehman v. Greenhant*, 7 So. Rep. (Ala.) 299; *Cordes v. Straszer*, 8 Mo. App. 61; *Fuller v. Griffith*, 60 N. W. Rep. 247. False statements by the grantor as to the consideration, or as to any other thing connected with the transfer constitute a badge of fraud. *Wilcoxen v. Morgan*, 2 Col. 477; *Alexander v. Todd*, 1 Bond, 180; *Railroad v. Hoge*, 34 Pa. St. 214; *Watt v. Grove*, 2 Sch. & Lef. 501.   (8)  The law denounces as fraudulent a secret trust. *Pattison v. Letton*, 56 Mo. App. 330; *Parker v. Pettee*, 4 N. H. 178.   The conveyance to one creditor, with the delegation of power for him to prefer other creditors is void as to creditors not provided for. *Seger Sons v. Thomas*, 107 Mo. 641; *Hammill v. England*, 57 Mo. App. 106; *Barnum v. Hempstead*, 7 Paige, 568; *Strong v. Skinner*, 4 Barb. 546; *Boardman v. Holliday*, 10 Paige, 223.   (9) A sale to a creditor without the surrender of the evidence of indebtedness is also a badge of fraud. *Gardner v. Broussard*, 39 Tex. 372; *Webb v. Ingham*, 29 W. Va. 389; Wait on Fraudl. Conv. [2 Ed.], p. 339.   (10) Knowledge that the grantor is insolvent, or even in failing circumstances is a badge of fraud. *Devoe v. Brandt*, 53 N. Y. 462; *Barrett v. Davis*, 104 Mo. 562. Knowledge of facts sufficient to put a person on inquiry is sufficient.   8 Am. and Eng. Ency. of Law, p. 758; *State ex rel. v. Purcell*, 131 Mo. 317; Bigelow on Fraud, p. 288; *Jones v. Heathington*, 45 Iowa, 681; *Leavitt v. LaForce*, 71 Mo. 356; Bump on Fraudl. Conv. [2 Ed.], 308; *Regg v. Burnham*, 20 N. W. Rep. 715.   (11)  The failure of a person to testify, especially when that one knows all about the transaction, the consideration, etc., is a circumstance having almost the significance and force of an admission that

the transaction is fraudulent. *Hedrick v. Beeler*, 110 Mo. 100; *Glenn v. Glenn*, 17 Iowa, 498; *Goshorn v. Snodgrass*, 17 W. Va. 770; *Henderson v. Henderson*, 55 Mo. 559; *Baldwin v. Whitcomb*, 71 Mo. 658; *Adams-Bowden v. Johnson*, 107 U. S. 386; *Cass Co. v. Green*, 66 Mo. 512; *Mabary v. McCling*, 74 Mo. 591; *Clements v. Moore*, 6 Wall. 299.

BURGESS, J.—This is a proceeding in equity by creditors of John Ellis, deceased, whose demands were allowed against his estate and classified by the probate court of Boone county before the beginning of this suit, for the purpose of having set aside and held for naught, as fraudulent as to his creditors, a certain warranty deed from him to his grandson, John E. Field, conveying four hundred and nine acres of land in said county. After the suit was instituted Mrs. Amanda E. Field was made a party defendant. She entered her appearance and adopted the pleadings of her son, John E. Field, as her own. Pending the suit in the circuit court Mrs. Field died, and the cause was revived in the name of John E. Field, her executor, and also in the name of John E. Field and Lizzie D. H. Field, her only heirs at law, legatees and devisees, all of whom entered their appearance and adopted the pleadings of defendant John E. Field.

The trial resulted in a finding and judgment for plaintiffs in accordance with the prayer of the petition, from which defendants appealed. The petition alleges that no consideration passed for the land, and that it was conveyed by John Ellis, deceased, to John E. Field, for the purpose of hindering, delaying and defrauding the creditors of said Ellis, of which John E. Field had full knowledge and was a party to the fraud.

The consideration expressed in the deed was $2,000, while the land was worth at the time of the

conveyance about $7,000. It was, however, encumbered by judgments and county school fund mortgages aggregating from $2,600 to $2,700. This deed was executed on April 20, 1894, but was not recorded until July 2, 1894, which was after the death of the grantor. The land conveyed was the homestead of John Ellis upon which he had resided for many years, but at the time the deed was executed he was at the home of his daughter, Mrs. Amanda Field, in Denver, Colorado. On the same day of the execution of the deed John E. Field executed a declaration of trust in favor of his mother, Amanda Field, in which it is recited that in consideration of $2,000 received by John Ellis of Amanda E. Field, and divers other good and valuable considerations, said John Ellis, wishing to reimburse and compensate Amanda E. Field for said sum, had conveyed to him, John E. Field the land, etc., involved in this litigation in trust for her. This declaration of trust was kept a secret until the day of trial, when it was produced and read in evidence by defendants. By the deed of John Ellis he conveyed all of his real estate to defendant John E. Field, for the use and benefit of his daughter Amanda. He was at the time the deed was executed of the advanced age of eighty-nine years and insolvent. Defendants knew at the time of the execution of this deed that Ellis was financially embarrassed. On the twenty-eighth day of April, 1894, John Ellis made his will, in which John E. Field was named as executor, and to whom he gave all of his personal property in trust to secure his creditors, and empowered him to make deeds. The will also provided that the remainder of his property after the payment of his debts should be held in trust by John E. Field for the testator's daughter, Mrs. Field. To this will a codicil was added on May 12, 1894, in which he appointed W. C. Brooks, of Boone

county, Missouri, agent for his executor to transfer his personal property to his creditors according to directions which he gave him. On the same day, May 12, 1894, the testator executed a power of attorney to W. C. Brooks conferring upon him the power to make deeds and perfect title to land sold by Ellis to Edmond Little, of Boone county, and to transfer a number of notes which he held on different persons to certain of his creditors. Ellis died on June 19, 1894. His personal property was little more than sufficient to pay the expenses attending the administration of his estate. At the time of the execution of the deed by John Ellis to John E. Field, Mrs. Field held two notes on her father, one for $500, dated June 30, 1869, executed to Thomas M. Field, her husband, upon which there were no indorsements and which John E. Field testified was transferred by his father to his mother in 1889. The other was for $1,000, payable to Amanda Field, dated April 4, 1888. John E. Field testified that these two notes and a loan of $500, made by his mother to her father in December, 1890, made up the consideration expressed in the deed. Henry B. Babb, a witness for defendants, who prepared both the deed and declaration of trust, testified that, in addition to the expressed consideration of $2,000 in the deed, Mrs. Field assumed and agreed to pay a debt owing by her father to John Conley for $730, one to Boone county for $240, and one to Tip Bass for $400. But neither one of these creditors knew anything about the assumption by Mrs. Field of their debt until the declaration of trust was introduced in evidence at the trial, and thereafter payment of them was refused. Upon the other hand the evidence on the part of plaintiffs tended to show that the $500, which it was claimed by defendants that Mrs. Field loaned to her father in December, 1890, was in fact a gift to her father as a birth-

day present. The note for $500, held by Mrs. Field against her father, had been barred by the statute of limitations for many years before the execution of the deed.

Plaintiffs read in evidence over the objection of defendants from the records of the probate court of Boone county, the certificates of allowance under the hand and seal of the judge of that court, showing that a large number of claims, including those of plaintiffs, amounting to the sum of $11,555.80, had been allowed against the estate of John Ellis, deceased, and in this it is insisted that error was committed. By section 191, Revised Statutes 1889, it is provided: "The probate court shall have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of their testator or intestate, and of all offsets and other defenses allowed by law, set up thereto by the administrator or executor, and a concise entry of the order of allowance, or finding, shall be made on the record of the court, which shall have the force and effect of a judgment." By section 4881, Revised Statutes 1889, it is provided that the records of proceedings of any court of record of this State, attested by the clerk thereof, with the seal of the court annexed if there be a seal, or if there be no seal with the private seal of the clerk, shall be received as evidence of the acts or proceedings of such court of record in any court of this State. The certificates of the judge of the probate court are not copied into the record, so that it is impossible for us to determine whether they were in proper form or not. If they were, they were admissible in evidence both for the purpose of showing that plaintiffs were judgment creditors of the estate of John Ellis deceased at the time of the commencement of this suit and also that

his estate was insolvent and as the certificates are not copied in the record, the presumption must be indulged that they were in proper form. This is but invoking the familiar principle that he who asserts error must prove it.

There is no merit in the contention that error was committed in admitting in evidence the inventory of the estate of John Ellis. It was clearly admissible for the purpose of showing what property he owned at the time of his death. It is perfectly clear from the evidence that the deed from John Ellis to his grandson, John E. Field was not voluntary, for whether a full and fair consideration passed from Mrs. Field to her father for the land or not, there was a valuable consideration, and in such circumstances the deed was not voluntary. "A voluntary conveyance is a conveyance without any valuable consideration. The adequacy of the consideration does not enter into the question. The character of purchase or voluntary, is determined by the fact whether anything valuable passes between the grantor and grantee, as a consideration for the transfer. If there is a valuable consideration, no matter how trivial or inadequate, the conveyance is not voluntary." Bump on Fraudl. Conv. [3 Ed.] 267. The evidence showed that the note for $1,000, given by John Ellis to Mrs. Field in April, 1888, and the note for $500, executed by Ellis in 1869, to John H. Field and by him transferred to his wife, made up in part the consideration expressed in the deed. But plaintiffs claim that the $500 note was barred by the statute of limitations and was of no value. The defense of the statute of limitations is a personal privilege of which Ellis might have taken advantage had he chosen to do so, but the law does not prohibit a man from paying an honest debt if he chooses, notwithstanding all legal remedy thereon be barred by

the statute.  The debt in question seems to have been an honest one, and as Ellis agreed to liquidate it in part consideration for the land, he had a perfect right to do so.

The evidence as to whether or not the $500, sent by Mrs. Field to her father in December, 1890, and which also was included in the expressed consideration for the land, was a loan to him or a birthday present, left that matter somewhat in doubt, but the weight of the evidence we think showed that it was a loan.  The statements of John Ellis in the presence of the witnesses Peter H. Ellis and H. B. Craig that it was a birthday present was not permissible as evidence against Mrs. Field for the purpose of showing that fact and should have been excluded.  Her rights could not be affected by any statements made by her father, not in her presence.  Beside, the evidence showed that this $500 was taken into account by John Ellis as a part of the expressed consideration for the land,  and in this way recognized by him as a loan  and  not  as a gift.  But as this case was heard by the court sitting as a chancellor, we will not reverse the judgment upon that ground, but consider the case as if no such evidence had been introduced.

The notes read in evidence, and the $500 loaned by Mrs. Field to her father, formed the expressed consideration for the land, which including interest amounted to several hundreds of dollars more than the consideration expressed in the deed.  There were also at the same time two school mortgages on a part of the land which amounted to about the sum of $1,816.76, and a judgment lien in favor of one Conley for about $730.  The deed was of course subject to these liens.  But we think it clear from the evidence that Mrs. Field did not assume the payment of the Conley judgment nor the Tip Bass debt as part of the consideration for the land, otherwise these creditors would

have been informed of this arrangement before the trial of this cause, and her representatives would not thereafter have refused to liquidate these debts, nor would her father after the execution of the deed to her have made provision for their payment. But aside from those debts the consideration passed for the land was not so inadequate as to justify of itself the court below in setting aside the deed, but it does not thence follow that there are not other facts and circumstances disclosed by the record which justified that result. We do not think, however, that any importance is to be attached to the fact that the deed was not recorded for some months after made, nor to the fact that the declaration of trust in favor of Mrs. Field was not disclosed until the trial of the case. We have no statute requiring such instruments to be recorded within any specified time, and it is only in case that fictitious credit has been given to the grantor, upon the faith of the ownership by him of the property conveyed, and that by withholding the deed from record some one has been misled to his injury, that failure to record will be held to be fraudulent, and no such state of facts exist in this case. *Bank v. Buck*, 123 Mo. 141; *Bank v. Doran*, 109 Mo. 40; *Bank v. Frame*, 112 Mo. 515; *Bank v. Rohrer*, 138 Mo. 369. But these were facts and circumstances connected with the execution of the deed to Mrs. Field, any one of which taken alone would be entitled to but little consideration, but when taken altogether tended strongly to show a fraudulent purpose on the part of John Ellis to defraud his creditors and that both Mrs Field and her son John E. Field were aware of his intentions, and were parties to the fraud.

Mrs. Field did not surrender the notes which she held against her father at the time of the execution by him of the deed to the land, which were a part of the purchase price therefor. This was somewhat out of the

ordinary way of doing business, and her production of them to be used upon the trial of the cause looks as if she was anticipating a lawsuit at the time, and retained the notes in her possession in order that they might be used as evidence in such an event for the purpose of showing her father's indebtedness to her.   So with respect to the note which had for so many years been barred by the statute of limitations.   As her father was insolvent, she could never, considering his advanced age and insolvency, have hoped to realize anything upon it, yet it and interest thereon were a part of the consideration for the land.   We do not wish to be understood as holding that John Ellis did not have the right to pay this demand, though stale as it was, yet when it is considered that he conveyed all of his real property to his grandson for the use of his daughter in payment of this and the other demands held by her against him to the exclusion of all his other creditors, it tended we think to show a purpose on his part to defraud his creditors. We think it makes no difference if the deed was made with intent to defraud his creditors, that John Ellis after its execution undertook to provide by will or otherwise for the payment of some of his other creditors by the transfer to them of notes which were worthless, or even if they were upon solvent persons.   If the deed was fraudulent when made, it could not thereafter be purged of the fraud as to his creditors, by any act of his.

When the failure of Mrs. Field to surrender the notes of her father which were paid by the conveyance of the land, the payment in the same way of a note which had been barred by the statute of limitations for about fifteen years, the inadequacy of the price paid for the land, the insolvency of John Ellis the grantor, and the relation of the parties, are considered, there is no escape from the conclusion that the deed was made by

John Ellis for the purpose of defrauding his creditors, and that Mrs. Field and John E. Field were parties to the fraud.

What has been said is in accordance with the conclusion reached by the trial court to whose rulings we usually defer in such cases.

We have not overlooked other questions of minor importance raised by counsel for defendants in their brief, deeming it unnecessary to do so.

From these considerations we affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.