Cairl VAUGHN and Marie Vaughn,
His Wife, Appellants,

v.

Robert U. CHRISTIAN et al., Respondents.

No. 55883.

Supreme Court of Missouri,
Division No. 1.

Nov. 8, 1971.

Hyde, Purcell & Wilhoit, Poplar Bluff, for appellants, Cairl Vaughn and Marie Vaughn.

Keathley & Little, Poplar Bluff, for respondents.

SEILER, Judge.

The Vaughns sued the Christians and the Chamberlains to set aside a deed as a conveyance in fraud of creditors under Sec. 428.020, R.S.Mo.1969. Judgment was for the Christians and Chamberlains. The Vaughns appeal. We affirm.

The Christians, Robert and Blanche, in March 1956, purchased real estate on which they built a home in Poplar Bluff. The Christians were divorced April 16, 1969. On that date, in accordance with the terms of the separation agreement and property settlement, Robert quit-claimed his interest

in the home to Blanche. Mr. and Mrs. Chamberlain had been acquainted with the Christians for a number of years. Bessie heard about the divorce and on April 22, 1969, she telephoned Blanche and asked if Blanche planned to sell the property. Blanche said she would have to sell the property in order to have money for her living expenses. The next morning, Bessie looked at the house. Blanche agreed to sell the property for $15,000, which was the fair market value. Bessie gave Blanche a check for $50.00 as earnest money and agreed to pay the balance of the purchase price on April 25, which was the date the deed was to be signed. On April 28, Robert and Blanche executed the warranty deed, and the Chamberlains gave Blanche a check for $4,880.61. In addition, the Chamberlains assumed two outstanding notes and mortgages on the property in the amount of about $10,000.

In November, 1966, the Christians had executed a demand note payable to the Vaughns in the amount of $2,000. As of April 16, 1969, no demand for payment had been made. On April 22, 1969, the Vaughns sued the Christians on this note. Service of process was obtained on the Christians on April 23, 1969. A default judgment for $2,346.63 was entered on July 8, 1969. This suit followed. The Chamberlains were not aware of the Vaughn note or that suit had been filed on it. Mrs. Christian testified she was not aware that the suit on the note could affect the sale of the house and that she had no intent to cheat the Vaughns. She also testified that she did use the approximately $5,000 cash she received for living expenses. She worked as a waitress.

■ The initial contention advanced by the Vaughns is that the transaction between the Christians and the Chamberlains was a voluntary conveyance. A conveyance that lacks valuable consideration is voluntary, Gentry v. Field, 143 Mo. 399, 45 S.W. 286, 287. A voluntary conveyance is presumptively fraudulent against existing creditors, Scharff v. McGaugh,

205 Mo. 344, 103 S.W. 550, 556; Harrison v. Harrison (Mo.App.), 339 S.W.2d 509, 516. The Vaughns concede that payment of the cash and the assumption of the two notes constituted valuable consideration, but point out that while Robert signed the deed as grantor, he admitted that he did not receive any of the consideration. From this circumstance, the Vaughns argue that as to Robert, the conveyance was voluntary, and should be set aside.

■ This line of reasoning is without merit. By the terms of the separation agreement and property settlement, Blanche was to have the property. Robert had quitclaimed his interest in the property on April 16, 1969, which was prior to demand for the payment of the Vaughn note. Robert had no interest in the property at the time of the conveyance to the Chamberlains. He signed the deed at the request of Blanche as a mere formality. This was his only participation in the conveyance. Under these circumstances, it would indeed be unusual for Robert to receive any of the consideration.

The Vaughns contend that the grantors made this transaction with intent to defraud the Vaughns, and thus the conveyance must be set aside. In numerous cases, we have recognized that it is often very difficult for a creditor directly to prove an intent to defraud, Allison v. Mildred (Mo. Sup.), 307 S.W.2d 447, 453. "* * * [Fraud] is most frequently to be deduced from the circumstances surrounding the transaction, and from the acts of the parties * * *", Bolton v. Colburn (Mo. App.), 389 S.W.2d 384, 390. A number of circumstances have been so frequently found in cases involving fraudulent transfers that they have been denominated as badges of fraud. A listing of most of these circumstances may be found in Allison v. Mildred, supra, at 454.

The Vaughns point out several circumstances which they assert are unusual circumstances in a business transaction and establish the fraudulent intent of the grant-

ors. The earnest money in this transaction was paid the day after the filing of the suit on the note, and the conveyance occurred a few days later. The Chamberlains paid only $50.00 as earnest money on a $15,000 purchase. There was no written sales contract. The deed was executed on April 28, 1969, but the abstract was not continued beyond April 23, 1969.

■ The Vaughns also point out that the Christians have no other property from which the debt can be satisfied, and that the Christians were "for all intent and purposes" insolvent. From our reading of the record, it appears that the financial situation of the Christians was not completely developed at trial. However, the Christians do not deny this description of their financial situation, and we will accept it as established. A conveyance for a valuable consideration by an insolvent grantor, or by a grantor made insolvent by the conveyance is not made fraudulent by virtue of this circumstance alone. Insolvency is only a factor to consider in the determination of whether the fraudulent intent required under Sec. 428.020, supra, was established. Harrison v. Harrison, supra, 339 S.W.2d 513; Graff v. Continental Auto. Ins. Underwriters, 225 Mo. App. 85, 35 S.W.2d 926, 932.

■ We have carefully examined the circumstances which the Vaughns contend establish the fraudulent intent of the grantors, or more properly, grantor Blanche Christian. The fact that Blanche conveyed the property after she knew about the suit on the note could, in some cases, demonstrate fraudulent intent, but in view of her entire testimony, we do not believe that it established the requisite intent here. As to the matter of the abstract, the abstract would not ordinarily indicate the existence of the Vaughn suit until the judgment of record was entered on July 18, 1969, and the fact is that the Chamberlains did have the abstract brought to date and examined prior to the closing. We do not, therefore, attach any significance to the fact that the abstract was only continued to April 23, 1969. We do not believe that the lack of a written sales contract, and the nominal amount of earnest money, in the context of this case, established that Mrs. Christian intended to defraud the Vaughns.

The trial judge considered the evidence and concluded the Vaughns had failed to prove that this transaction was a fraudulent transfer. We reach the same conclusion. There is no merit to the Vaughns' contention that the judgment is clearly erroneous and thus should be set aside, Civil Rule 73.01(d), V.A.M.R. Because fraudulent intent on the part of the grantors has not been shown, we need not rule upon the further contentions advanced by the Vaughns.

Judgment affirmed.

All of the Judges concur.