M’Girk, C. J.,
delivered the opinion of the Court.
This case may he decided an'd finally disposed of by passing on the deed from Austin to Bryant and Ruggles. The deed was received in evidence, and Price’s counsel called on the Court to instruct the jury, that the deed was void, for want of amoneyed consideration ; because it is a deed of bargain and sale, &c. There must, in such a deed, be a moneyed consideration; for that “for and in consideration that the party has been bound in a recognizance” is not sufficient, which is alledged to be the consideration of this deed. The Court so declared the law to be, and instructed the jury, “that nothing passed by the deed.” The deed was offered to prove title in the defendants. The operative words of it are, “ that the said Austin, in trust for the payment of $2500, for which sum Bryant and Ruggles have become appearance bail for Moses Austin and Stephen F. Austin, have granted, bargained and sold, aliened, enfeoffed, confirmed, and do, by these presents, grant, bargain, sell, alien, enfeoff and confirm to them and their heirs, &c., forever.” To prove that the deed is void, for want of a moneyed consideration, many cases have been cited. The view which we are disposed to take of this deed, is to see, first, if it can operate as a deed of bargain and sale; and secondly, if it cannot operate as a bargain and sale, then to see if it can operate or enure in any other way, — as, for instance, a deed of feoffment.
In considering the first point, we will first take a view of that which is alledged to be the consideration of this deed. The words are, that the said Austin, in trust for the payment of $2500, for which sum Bryant.and Ruggles have become appearance bail. This is all that is said about, or looks like a consideration. Here is a clear trust created; and the following words point out the objects of the trust, to-wit: that Bryant and Ruggles shall pay $2500 for Austin, in case he is condemned in the action, or, perhaps, it is assumed by the contracting parties that Austin will inevitably be condemned in that sum, and that the land is to be the fund in their own hands to raise and pay that much money. If this view is correct, the words, “ in trust,” &c., only create the trust, and point out the object thereof, and do not touch the question of consideration. So, then, the deed stands without consideration expressed on the face of it. Yet it may operate as a good bargain and sale. It is, indeed, laid down in many books, that a pecuniary consideration is necessaiy, but it is doubtful if this is the law. But where a deed is silent as to consideration, it is competent to aver a proper consideration and prove it. (See Cruise Big., vol. 3, p. 178.) But no consideration was proved on the trial. We must take the record as it is, and for want *395 of this, the deed cannot have effect as a bargain and sale. Can it then enure as a deed of feoffment? The exact line of distinction between a bargain and sale and a feoffment, is not readily, in all cases, perceivable. Blaclcstone says, a bargain and sale is a real contract, whereby a person contracts to convey land. 2 Black. Com. 338. Cruise says, it is where a contract is made, by which a person conveys his lands to another for a pecuniary consideration, in .consequence of which a use arises to the bargainee. 3 Cruise, 172. A deed creating an use is a common law instrument, and a use may be created.by a feoffment, and the legal estate would remain in the trustee; and so he would, being in possession of the land, be seized (JB1. Com, 328) to the use of cestius que use, and would remain to the owner, till the statute of uses transferred the possession to the use.
A feoffment is defined to be a deed tinder the seal of the grantor, whereby he grants or gives lands to the grantee. 2 Bl. 309. The words enfeoff or grant, are sufficient words in a deed to create a feoffment. In this deed the words are, “grant, bargain, sell, and enfeoff;” so that there are clearly words here sufficient to create a feoffment. If this deed is to be construed a bargain and sale, what is to be done witl) the word? “ grant and enfeoff? ” The will have no effect. But give them effect, and the deed operates as a feoffment, creating a trust, and this trust is, that the feoffees are to hold the land to pay the debt of @2500, and that if they have not to pay this debt, they shall re-convey to Austin, and if they refuse to do so, they will be compelled in equity.
But it is said, this deed cannot operate as a feoffment for want of livery of seizin. It is true, at common law no deed of feoffment could have effect unless livery of seizin was made. If livery of seizin is necessary in this State, every conveyance of land must be construed into a bargain and sale, otherwise the title to nearly the whole landed estate in tire country must fail. But all deeds cannot be construed into a bargain and sale, because in many there is no trust nor use raised, not even by the strictest implication of law. But livery of seizin is to be supplied by registry.
The objects of livery of seizin ut common law were, that the country might take notice and testify the tiansfer of the estate, and that such as claimed title might know against whom to bring their action : 2 Bl. Com., 311. Thus we see that one great object of the law in livery of seizin is, that it may be known who is the owner. So that men may know of whom to purchase, and may be able to distinguish their neighbors rights from their own. But if this useful end can be effected without livery of seizin, the law will be satisfied ; for the law is not for form no farther than is necessary to effect the purposes of right. The act of the Legislature of 1804, provided, that all deed3 concerning lands shall be recorded after being proved in a certain manner; and if they are not so recorded, they shall be adjudged fraudulent against subsequent purchasers for valuable consideration. By this act, a public office is to be kept for recording deeds, to which every body may resort and ascertain the owners of all the lands, not only in the neighborhood, but in the county. Here the object of livery of seizin is more largely and completely effected than could be done by the fact of livery itself. The law goes for substance; when the common law requisition is satisfied in substance by a statutory provision, it is enough, though it should not arrive at the end by the exact same means the common law would. As to the other object of livery of seizin, namely, that strangers may know against whom to bring their suits, there is no difficult^; for that must be brought against the tenant in possession, no matter who is the owner. According to this view, the Court *396 gave a wrong construction to the deed. Before we quit the subject, it may be remarked, that the case cited from 16 Johnson’s R., 515, gives no light on the subject of feoffment.
The judgment of the Circuit Court is reversed, and the cause sent back for a new trial according to this opinion.