COMMERCIAL BANK OF BOONVILLE, Appellant, v. CHARLES L. VOLLRATH, Garnishee of CATHERINE KUEHNER, Defendant, Respondent.

Kansas City Court of Appeals, December 7, 1908.

GARNISHEE: Fraudulent Conveyances: Pledge: Consideration. An insolvent wife gave the note of her bankrupt husband to one of his creditors to secure another note of her husband to such creditor. The creditor collected a dividend on the note and was summoned as garnishee of the wife on execution against her. *Held*, the transfer of the note to the garnishee was not voluntary and the existence of an actual intention to defraud does not follow from the mere fact that the transfer was made to secure the payment of the debt of another and withdraws from the pledgor's creditors property otherwise applicable to their demands.

Appeal from Cooper Circuit Court.—*Hon. William H. Martin,* Judge.

AFFIRMED.

*John & J. W. Cosgrove* for appellant.

(1)   Appellant bank, being a creditor of Catherine Kuehner, could assert in garnishment proceedings the invalidity of the transfer of the note to respondent. Epstein v. Clothing Co., 67 Mo. App. 221; Strauss v. Ayers, 34 Mo. App. 248.   (a) This is true even if the note has been collected. Grocer Co. v. Clark, 79 Mo. App. 401.   (2)   The assignment of the note by Mrs. Catherine Kuehner to respondent Vollrath was without any consideration whatever.   It was a voluntary gift of all the property she had, the effect of which gift being to reduce her to a condition of total insolvency. Her assignment was void as to appellant, her creditor. Bump on Fraudulent Conveyances (4 Ed.), secs. 202, 238, 244.   (3)   Appellant's motion for judgment on the pleadings should have been sustained.   The transfer of the note, under the circumstances disclosed, was a fraud upon appellant bank, and the burden of showing the contrary was upon respondent Vollrath,   the donee. Bump on Fraudulent Conveyances, sec. 244; Snyder v. Free, 114 Mo. 360; Hoffman v. Nolte, 127 Mo. 120; Scharff v. McGaugh, 205 Mo. 263.   (4)   The transfer of the note to respondent by Mrs. Kuehner was void as to appellant bank, even though respondents were ignorant of the fraud.   Snyder v. Free, 114 Mo. 371; Gamble v. Johnson, 9 Mo. 606.   This rule is applicable to transfer of personal property.   Bump on Fraudulent Conveyances (4 ed.), sec. 216.   (5)   The law will compel Mrs. Kuehner to be just toward her own creditors before she will be permitted to be generous towards her husband's creditors.   The pleadings disclose a voluntary gift by an insolvent person; a gift prejudicial to creditors. Snyder v. Free, supra.

*W. M. Williams* and *W. G. & G. T. Pendleton* for respondent.

(1) A mortgage of property to secure the debt of another is not a voluntary conveyance, and therefore is not fraudulent *per se* as against the creditors of the mortgagor. Marden v. Babcock, 2 Met. (Mass.) 99, 14 Am. & Eng. Ency. of Law (2 ed.), p. 299, note 2; Appeal of Sharpless (Pa.), 21 Atl. 239. (2) The transfer of the note by Mrs. Kuehner to garnishee Vollrath was not a gift, nor was it so intended. It was made to pay the debt of her husband, in full or as far as the proceeds of the note would go. The consideration is the satisfaction of Vollrath's debt against L. C. Kuehner. Sevier v. Allen, 80 Mo. App. 191; Grocery Co. v. McCune, 122 Mo. 426.

JOHNSON, J.—Plaintiff brought suit against L. C. Kuehner and his wife, Catherine Kuehner, on a promissory note, and obtained judgment in the sum of $685 and costs, had execution issued, and caused Charles L. Vollrath to be summoned as garnishee of Mrs. Kuehner. Interrogatories were filed and answered and were followed by the filing of a denial by plaintiff and a reply by the garnishee. Plaintiff filed a motion for judgment on the pleadings which the court heard and denied. No evidence was offered by either party. Judgment was rendered for the garnishee on the pleadings and plaintiff appealed. As we understand the record, plaintiff stood on its motion for judgment which for all of its purposes admitted the truth of the allegations in the reply of the garnishee. Facts thus established by the pleadings are as follows:

The suit of plaintiff against Kuehner and his wife was begun April 23, 1907, and judgment recovered on the 25th of May. On May 6th the wife, being insolvent, assigned and delivered to Vollrath a promissory note

135 App—5

of $800 she held against her husband to secure the payment of a debt of $350 her husband owed to him. Prior to this event, Kuehner had been adjudged a bankrupt and, on May 15th Vollrath presented the assigned note for allowance against the estate and, after it was allowed as a demand, collected a dividend thereon amounting to $373.96, and deposited the money with the clerk of the court to abide the decision of this controversy. There was no fraudulent intent on the part of Mrs. Kuehner or Vollrath. The court held that the assignment of the note was not voluntary, but was supported by a sufficient consideration and adjudged that Vollrath, the garnishee, is entitled to the dividend paid thereon.

Plaintiff argues that "the assignment of the note by Mrs. Catherine Kuehner to respondent Vollrath was without any consideration whatever. It was a voluntary gift of all the property she had, the effect of which gift being to reduce her to a condition of total insolvency, her assignment was void as to appellant, her creditor." [Citing Snyder v. Free, 114 Mo. 360; Hoffman v. Nolte, 127 Mo. 120; Scharff v. McGaugh, 205 Mo. 1. c. 363; Gamble v. Johnson, 9 Mo. 606; Bump on Fraudulent Conveyances, secs. 202, 238, 244.]

There can be no doubt but that a voluntary gift of property by an insolvent person is void as to his creditors, regardless of the question of the existence of an actual intent on the part either of donor or donee to defraud the creditors of the former. Such intent will be presumed from the act itself. A voluntary conveyance has been defined as "a conveyance without any valuable consideration." [Bump on Fraudulent Conveyances, sec. 238.] Where there is a valuable consideration for a transfer, no matter how trivial or inadequate it may be, the conveyance is not voluntary and, therefore, not presumptively fraudulent. In such cases, actual intent to defraud must be found as a fact in order to defeat the conveyance. In Marden v. Babcock,

2 Met. (Mass.) 99, the Supreme Judicial Court of Massachusetts announced the doctrine which has our approval and which, we think, disposes of the question adversely to the contention of plaintiff. It is said in the opinion:

"It was contended that this was a voluntary conveyance, and so was fraudulent *per se* against the creditors of the grantor. But there seems to be a manifest distinction between a voluntary conveyance or deed of gift, without adequate and valuable consideration, and a mortgage given to secure the debt of another. In the former case, the grantor finally parts with his property, and it is alienated as well from his creditors as from himself. In the latter, it is a pledge only, it may be to a small amount, and the estate of the grantor is not divested. But, further; to avoid a conveyance as fraudulent against creditors, the intent to defraud, delay or defeat, must be known and entertained by both parties. In a voluntary absolute conveyance, the fact that no consideration is paid is, of course, known to both parties. If the grantor was in debt at the time, as such conveyance must necessarily tend to defeat the rights of creditors, and as all persons are presumed to contemplate and intend the natural and probable consequences of their own acts, the conclusion is irresistible, that such conveyance was intended to defeat creditors, and is, therefore, fraudulent. But a mortgage to secure the debt of another is not voluntary."

We perceive no distinction in principle between the execution of a mortgage on real or personal property to secure the payment of a debt of another and a transfer of a promissory note for a similar purpose. One is a mortgage, the other a pledge, but the object of both is to secure the payment of a debt and as such the conveyance imports a valuable consideration. Other authorities in point are as follows: Appeal of Sharpless (Pa.), 21 Atl. 239; Sevier v. Allen, 80 Mo. App. l. c. 191; Goddard-Peck Groc. Co. v. McCune, 122 Mo.

426; 14 Am. and Eng. Ency. Law (2 Ed.), p. 299. The transfer of the note was not voluntary and the existence of an actual intent to defraud does not follow from the mere fact that it was given to secure the payment of a debt of another and results in withdrawing from the creditors of the transferer, property which otherwise would have been applicable to the payment of their demands.

The judgment is affirmed. All concur.