ELLA WEIGEL, Appellant, v. L. G. WOOD, NYLE C. WOOD, MAUD WOOD, His Wife, AGNES ANDERSON and EMIL ANDERSON, Her Husband, and SAFETY FEDERAL SAVINGS & LOAN ASSN., Defendants, AGNES ANDERSON and EMIL ANDERSON, Respondents.—No. 39605.—194 S. W. (2d) 40.

Division One, April 30, 1946.

*Harry W. Durall* and *Samuel Feller* for appellant.

*Marion D. Waltner, T. V. Conrad* and *Clarence C. Chilcott* for respondents..

DOUGLAS, J.—This is a suit to quiet title to an apartment house in Kansas City. The petition follows the form set out in the statutes appended to Section 1684, R. S. 1939 on quieting title. It merely states that plaintiff owns the property and defendants are claiming some interest therein. The chief defendant, Agnes Anderson, in her answer states that she purchased the property ▮▮▮ for a valuable consideration and is a bona fide and innocent purchaser.

The facts show that plaintiff had instituted a prior suit against one L. G. Wood. By a deed dated some six months prior to the filing of that suit but recorded after it was filed, L. G. Wood conveyed the property to his son, Nyle Wood, for a recited consideration of one dollar and other valuable considerations. Plaintiff recovered judgment in her prior suit against L. G. Wood and had execution issued. A levy against the interest of L. G. Wood in said property was made and notice of it filed in the recorder's office. A month later Nyle Wood conveyed the property to Agnes Anderson, defendant in the present suit. Some time after the conveyance there was a sale under the execution and the present plaintiff was the purchaser. Then she filed this suit.

The pleadings present strictly a suit at law. Plaintiff's reply alleged that Nyle Wood had no interest in the property and therefore no authority to convey it to Agnes Anderson. At the trial plaintiff attempted to prove that L. G. Wood had never delivered to Nyle Wood the deed transferring the property to him. By her evidence she tried to show that L. G. Wood took the deed to the recorder for recording, received it back from him, and then kept it in his possession. She was relying on the rule found in 26 C. J. S., sec. 44: "The mere recording of a deed which the grantor thereafter retains in his possession does not, in the absence of other circumstances showing an

intention by such act to deliver the instrument to the grantee, operate as a delivery to him.'' This court has followed that rule and held the recording of a deed does not of itself operate as a delivery of the deed. Cravens v. Rossiter, 116 Mo. 338, 22 S. W. 736.

However, plaintiff did not sustain the burden of proving the deed was not delivered or accepted. Even though the testimony of the deputy recorder had substantially established the fact, which it did not, that L. G. Wood had filed the deed for record and then received it after recording, it would not have been sufficient to prove the deed was not delivered or accepted. A deed may be accepted after recording and when such is done the conveyance is valid, although the recording of a deed will not of itself constitute a delivery to the grantee in the absence of an acceptance by him of the instrument. Miller v. McCaleb, 208 Mo. 562, 106 S. W. 655.

It is fundamental that acceptance of a deed is necessary to its validity. Clark v. Skinner, 334 Mo. 1190, 70 S. W. (2d) 1094. There are no hard and fast rules as to what constitutes sufficient acceptance. Acceptance may be shown by the acts and conduct of the grantee. Jones v. Jefferson, 334 Mo. 606, 66 S. W. (2d) 555, 26 C. J. S. Deeds, sec. 51 (b). A conveyance of the property by the grantee, as the grantee did in this case, is ''tantamount to an assent to and acceptance of delivery of the first deed conveying the land to him.'' Keener v. Williams, 307 Mo. 682, 271 S. W. 489. Thus, from plaintiff's own evidence we find the deed was accepted.

After failing to establish non-delivery and non-acceptance of the deed, plaintiff changed her trial theory. She decided to proceed on the ground the deed from L. G. Wood to his son Nyle was fraudulent and void against creditors. At first the learned trial judge pointed out that fraud was not pleaded. However, he announced he would hear any evidence plaintiff had on that ground. Plaintiff was unable to produce evidence to prove fraud and judgment was entered for defendants.

Plaintiff contends in this court that the deed from L. G. Wood to his son is ''absolutely void'' on its face so far as plaintiff is concerned because it is a voluntary conveyance. But the recited consideration of ''one dollar and other valuable considerations'' does not thereby make the deed a voluntary conveyance. In Commercial Bank of Boonville v. Vollrath, 135 Mo. App. 63, 115 S. W. 510, a case of fraudulent transfer, the court said: ''Where there is a valuable consideration for a transfer, no matter how trivial or inadequate it may be, the conveyance is not voluntary and, therefore, not presumptively fraudulent. In such cases, actual intent to defraud must be found as a fact in order to defeat the conveyance.'' And see Gentry v. Field, 143 Mo. 399, 45 S. W. 286. Cases holding the fact that a deed has a recited consideration of ''one dollar'' or ''one dollar and other valuable considerations'' is not sufficient of itself to establish

16

such a deed as a voluntary conveyance are: Brown v. Weare, 348 Mo. 135, 152 S. W. (2d) 649; Gromer v. Molby, 385 Ill. 283, 52 N. E. (2d) 772; Glenn v. Tankersley, 187 Ga. 129, 200 S. E. 709; Scott v. Grew, 301 Mich. 226, 3 N. W. (2d) 254, 141 A. L. R. 819; Blanchard v. Kingston, 222 Mich. 631, 193 N. W. 231.

Thus, the mere production of the deed in question, without more did not establish it as a voluntary conveyance. If there had been some evidence of the fact it was a voluntary conveyance, then a different situation would be presented, but that fact was not proved. Nor were any other facts proved which established fraud.

While inadequacy of consideration in the conveyance of property by an insolvent debtor is held to be a badge of fraud, yet it is not generally regarded as sufficient alone to raise a legal inference of fraud unless so gross as to create the assumption the conveyance could not have been made in good faith. Munford v. Sheldon, 320 Mo. 1077, 9 S. W. (2d) 907. Also a conveyance from father to child, under certain circumstances, will be closely scrutinized but the existence of the relationship does not of itself establish fraud in the transfer. Moberly v. Watson, 340 Mo. 820, 102 S. W. (2d) 886. Even considering these two factors together, fraud is not established in this case because plaintiff did not prove that the actual consideration was inadequate and the conveyance rendered the father insolvent; nor, did she prove any facts which would give rise to a presumption of fraud when considered in connection with the relationship of the parties to the deed. She did not make a prima facie case. She has the burden of proof in this kind of case just as a plaintiff has in any other. It is not until she has established badges of fraud sufficient to raise a presumption of fraud that the burden of explaining the transaction and showing its good faith shifts to the parties to such conveyance. Oetting v. Green, 350 Mo. 457, 166 S. W. (2d) 548.

Since plaintiff failed to make a prima facie case the only recourse left to the trial court on the record before it was to enter a judgment finding for defendants and adjudging title in defendant Agnes Anderson.

The judgment is affirmed. All concur.