SKELTON MOTOR CO., INC. *v.* BROWN.

5-2043                                    332 S. W. 2d 607

Opinion delivered March 7, 1960.

*John H. Joyce, E. J. Ball, Charles Bass Trumbo,* for appellant.

*Dickson, Putman & Millwee,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellant upon an installment note executed by the appellees in payment for motor vehicle equipment. The defendants demurred to the complaint on the ground that the note appears on its face to be usurious. The trial court sustained the demurrer and dismissed the complaint.

It is conceded that the appellees' original principal debt was $3,000.00. To evidence this obligation the seller prepared a note for $3,322.08, dated February 23, 1957, payable in monthly installments of $138.42 beginning on April 1, 1957, and reciting that the interest was prepaid until maturity. The court's finding of usury was based upon a statement by counsel that the matter had been submitted to an accounting firm "to determine whether or not $322.08 exceeded interest on $3,000.00 at the rate of 10 per cent per annum for a period of 24 months, interest and principal to be repaid in 24 equal installments of $138.42 each." The accountants reported that the charge exceeded 10 per cent per annum, though their computations are not in the record.

It is readily demonstrable that the accountants' conclusion was incorrect, for the note is not usurious. A standard work on interest tables states that at 10 per cent interest the monthly installments upon a loan of

$3,000.00, payable in 24 months, should be $138.43. Lake's Monthly Installment and Interest Tables (5th Ed.), p. 145. Here the amount of each payment was a cent less than the permissible maximum.

Furthermore, the fact that the first installment upon the note in controversy was not due until 37 days after the date of the note increases the margin by which the interest falls below the legal limit. If this installment note had been for $3,000.00, with interest at 10 per cent per annum, the payments called for would have been applied as follows:

| Date of Payment | Amount of Payment | Interest Period | Amount to Interest | Amount to Principal | Balance Forward |
|---|---|---|---|---|---|
| | | | | | $3.000.00 |
| 4-1-57 | $ 138.42 | 37 days | $ 30.41 | $ 108.01 | 2,891.99 |
| 5-1-57 | 138.42 | 30 days | 23.77 | 114.65 | 2,777.34 |
| 6-1-57 | 138.42 | 31 days | 23.59 | 114.83 | 2,662.51 |
| 7-1-57 | 138.42 | 30 days | 21.88 | 116.54 | 2,545.97 |
| 8-1-57 | 138.42 | 31 days | 21.62 | 116.80 | 2,429.17 |
| 9-1-57 | 138.42 | 31 days | 20.63 | 117.79 | 2,311.38 |
| 10-1-57 | 138.42 | 30 days | 19.00 | 119.42 | 2,191.96 |
| 11-1-57 | 138.42 | 31 days | 18.62 | 119.80 | 2,072.16 |
| 12-1-57 | 138.42 | 30 days | 17.03 | 121.39 | 1,950.77 |
| 1-1-58 | 138.42 | 31 days | 16.57 | 121.85 | 1,828.92 |
| 2-1-58 | 138.42 | 31 days | 15.53 | 122.89 | 1,706.03 |
| 3-1-58 | 138.42 | 28 days | 13.09 | 125.33 | 1,580.70 |
| 4-1-58 | 138.42 | 31 days | 13.42 | 125.00 | 1,455.70 |
| 5-1-58 | 138.42 | 30 days | 11.96 | 126.46 | 1,329.24 |
| 6-1-58 | 138.42 | 31 days | 11.29 | 127.13 | 1,202.11 |
| 7-1-58 | 138.42 | 30 days | 9.88 | 128.54 | 1,073.57 |
| 8-1-58 | 138.42 | 31 days | 9.12 | 129.30 | 944.27 |
| 9-1-58 | 138.42 | 31 days | 8.02 | 130.40 | 813.87 |
| 10-1-58 | 138.42 | 30 days | 6.69 | 131.73 | 682.14 |
| 11-1-58 | 138.42 | 31 days | 5.79 | 132.63 | 549.51 |
| 12-1-58 | 138.42 | 30 days | 4.51 | 133.91 | 415.60 |
| 1-1-59 | 138.42 | 31 days | 3.53 | 134.89 | 280.71 |
| 2-1-59 | 138.42 | 31 days | 2.38 | 136.04 | 144.67 |
| 3-1-59 | 138.42 | 28 days | 1.11 | 137.31 | 7.36 |
| 4-1-59 | 7.42 | 31 days | .06 | 7.36 | .00 |
| | $3,329.50 | | $329.50 | $3,000.00 | |

It will be observed that an interest charge of $329.50 might have been made; hence the actual exaction of $322.08 was not excessive.

Reversed, the demurrer to be overruled.

McFADDIN, J., concurs.

ED. F. McFADDIN, Associate Justice, (Concurring). I concur in the reversal of the judgment. It has always been my understanding that usury must be both pleaded and proved. *Commercial Credit Co.* v. *Chandler,* 218 Ark. 966, 239 S. W. 2d 1009; and *Cox* v. *Darragh,* 227 Ark. 399, 299 S. W. 2d 193. Usury is a question of fact; and, like limitations, cannot be claimed by demurrer unless the fact of usury clearly appears on the face of the complaint. 55 Am. Jur. 435, "Usury" § 162. In the case at bar, usury did not appear on the face of the complaint; and yet the defendant attempted to urge usury by demurrer. I think it was improper to sustain such demurrer. Court proceedings should not be "short-circuited".

The majority opinion compounds the "short-circuiting" by finding, as a fact, that there was no usury. The majority may be correct on such fact question; but I never reach that issue because I think the demurrer should have been overruled and the defendant allowed to plead further.