SKELTON MOTOR CO. *v.* BROWN.

5-2519                                      353 S. W. 2d 1

Opinion delivered January 22, 1962.

*Eugene F. Mooney, Jr., John H. Joyce, Charles Bass Trumbo* and *E. J. Ball,* for appellant.

*Dickson, Putman & Millwee,* for appellee.

GEORGE ROSE SMITH, J.   This is a suit by Skelton Motor Company to collect the balance due upon a promissory note given by the appellees, H. E. and Hilda Brown, in part payment for a truck. On an earlier appeal we held the note to be free from usury. 231 Ark. 801, 332 S. W. 2d 607. Upon remand the single question submitted to the jury was whether a novation agreement had substituted Lois Baskin and his wife for the Browns as obligors upon the note. The jury's verdict was for the Browns, and judgment was entered in their favor. Skelton contends that for several reasons the verdict is not supported by substantial competent evidence.

The facts are simple. In purchasing the truck on February 23, 1957, the Browns executed a conditional sales contract for part of the unpaid purchase price. This contract was later assigned by Skelton to Mack

Trucks, Inc. For the rest of the purchase price the Browns executed the $3,222.08 monthly installment note now in dispute. On the same day Skelton, for value, transferred this note to the First State Bank by an indorsement reciting that the transfer was with recourse.

In the fall of 1957 Brown proposed to sell the truck to Baskin. In connection with that transaction Brown and Baskin met with Keith Skelton, president of the appellant company, on November 16. Brown testified, and the jury must have believed, that Keith Skelton then agreed to release the Browns from liability on the note and to look only to Baskin and his wife for payment. Later that day Brown and the Baskins went to the bank, where the Baskins indorsed on the back of the note an agreement to assume its payment.

The Baskins failed to pay the monthly installments. On February 7, 1958, the appellant paid the note in full and took a reassignment from the bank. Mack Trucks repossessed the vehicle and applied its value to the debt evidenced by the conditional sales contract. In September of 1958 the appellant filed this action against the Browns, seeking to recover the amount it had been required to pay the bank pursuant to its indorsement with recourse.

At the trial the appellant contended that Brown should not be permitted to testify that Keith Skelton orally released the Browns from liability. It is again insisted here that this testimony violated the parol evidence rule in that it added to or varied the assumption agreement that the Baskins indorsed on the back of the note later that day.

This argument is unsound. The Browns, in addition to being directly liable to the bank, were contingently responsible to the appellant if it should be required to make good its indorsement by paying off the note. It cannot be doubted that the Browns and the Skelton Motor Company had the power to extinguish this contingent liability by oral agreement, under the rule that the parties to a written contract may rescind it in part or in its

entirety by a subsequent oral agreement. *Weaver* v. *Emerson-Brantingham Implement Co.*, 146 Ark. 379, 225 S. W. 624. Keith Skelton's agreement to substitute the Baskins for the Browns was complete in itself and would have been valid even if the Baskins had not gone to the bank and assumed the Browns' direct obligation on the note. Consequently it cannot be said that the parol novation agreement added to or varied the subsequent written notation on the note. The two transactions were so completely separate that neither affected the other.

This reasoning also answers the appellant's contention that the novation agreement was ineffective as a matter of law, it being insisted that the Skelton Motor Company was without power to discharge the direct debt to the bank. The answer to this argument is that Skelton's release of the Browns was valid in itself and did not purport to affect the contractual relationship between the Browns and the bank.

A third contention is that the appellant became a holder in due course under its reassignment from the bank and therefore holds the note free from any defense that would have been unavailable against the bank. In paying the bank the appellant would ordinarily have reacquired its former rights against the Browns, Ark. Stats. 1947, § 68-252, but those rights had already been extinguished by the novation agreement. In fact, that was the sole purpose of the novation as far as Brown was concerned, for he had no reason to ask Skelton for a release of liability except to guard against the situation that would arise if Skelton should be compelled to pay off the bank. We perceive no basis for saying that the release agreement was ineffective. According to the appellant's present argument if Brown had actually paid to the appellant the full amount due on the note the appellant could have taken that money to the bank, used t to pay the note off, and then collected from Brown a second time by claiming to be a holder in due course. Such an argument is demonstrably untenable.

Affirmed.