Vincent LeMEHAUTE and Ruth M. LeMehaute, Respondents,

v.

Renee D. LeMEHAUTE, Appellant.

No. KCD 29725.

Missouri Court of Appeals, Western District.

July 31, 1979.

Robert B. Miner, Utz, Litvak, Thakery, Utz & Taylor, St. Joseph, for appellant.

R. Michael Poland, Cameron, George A. Pickett, Frost, Fisher & Poland, Plattsburg, for respondents.

Before SHANGLER, P. J., WASSER-STROM, C. J., and CLARK, J.

SHANGLER, Presiding Judge.

The court determined that the deed of realty by plaintiff Vincent LeMehaute jointly to himself, his present wife and defendant Renee LeMehaute [daughter by the previous marriage] was not a present conveyance of interest to daughter Renee and decreed that the instrument be reformed so as to nullify the recital of grant to her.

The plaintiff LeMehaute and the former wife [mother of the defendant Renee LeMehaute] acquired the real estate now in contention. The property served as the residence until her death and continued as the place of residence after she died and the husband remarried. Two children were born of the first marriage, Renee and Lorna. No child was born to the remarriage, but the successor wife brought a son, Bruce Perkins.

On September 18, 1975, after remarriage, the plaintiff LeMehaute consulted with attorney Colley to draft a deed of grant of the premises to himself, his wife and his children, as joint tenants in order to avoid probate procedure should an event befall him. The attorney counselled that, to avoid the undue difficulty from tenure by one under age or absent from the state, LeMehaute designate one child, local and of age, to trust to hold title for all the children. It thus came about that daughter Renee was designated as a joint grantee along with father LeMehaute and the new wife—and that daughter Lorna, then a minor, was not made a party to the grant. The plaintiff LeMehaute read the instrument prepared by counsel and signed it. The deed was recorded and some days later the plaintiff retrieved the instrument from the abstract company. He placed the deed under lock and key in a cabinet at home where it has remained.

In November of 1975, some two months after the deed was executed and recorded, the plaintiff LeMehaute disclosed to daughter Renee for the first time that she, himself and the new wife were joint grantees to the home premises. The plaintiff took the occasion to ask for her signature at the office of attorney Colley to a conveyance

which added daughter Lorna and step-son Bruce Perkins as other grantees of the premises. After consultation with her own lawyer, daughter Renee refused the request as ill-advised because of the nonage of the two children. About a year later, father LeMehaute asked daughter Renee to subscribe a mortgage against the premises for a loan of $5,000 to pay bills. She refused to put the premises, only lately free from debt, under obligation again. That mortgage had been paid by the father LeMehaute without request for contribution from daughter Renee. Nor was she asked to contribute to the maintenance of the property, nor did she. On one occasion [presumably after she was designated a joint grantee by deed] she was asked to endorse the insurance check which issued for damage to the roof.

In January of 1977, some year and one-half after the execution of the deed of joint tenancy, the father LeMehaute and new wife sued to reform the deed of conveyance so as to nullify the recital of grant of any estate in the realty to daughter Renee on the ground that the deed was not delivered to her. The court rendered judgment of reformation for want of present intention by the grantor to convey any interest in the land to the daughter Renee.

■ The delivery of the deed is the act of consummation essential to give effect to the instrument as a conveyance of estate to realty. The delivery signifies that dominion and control over the deed passes from the grantor to the grantee with the intention to transfer the present ownership or interest in the land from the one to the other. *Galloway v. Galloway*, 169 S.W.2d 883, 888[10–15] (Mo.1943); 23 Am.Jur.2d, Deeds, § 78 et seq. Delivery may be by word or act, without formula or ceremony or manual tradition of the instrument. *Chambers v. Chambers*, 227 Mo. 262, 127 S.W. 86, 88 (1910); *Dallas v. McNutt*, 297 Mo. 535, 249 S.W. 35, 36 (1923). There may be delivery notwithstanding the deed remains with the grantor. *Shroyer v. Shroyer*, 425 S.W.2d 214, 219[2–7] (Mo.1968). It is sufficient in law for delivery that the

grantor by act or word manifest that he relinquishes dominion and control over the deed and that the instrument operate presently as a transfer of title, and acceptance by the grantee. *Galloway v. Galloway*, supra, 169 S.W.2d l. c. 888[10–15]; *O'Mohundro v. Mattingly*, 353 S.W.2d 786, 792[2] (Mo.1962).

■ Thus, whether there has been valid delivery is controlled by no fixed rule but presents a mixed question of fact and law determined by the concrete case. *Cartmill v. Evans*, 498 S.W.2d 541, 545[2] (Mo.1973). This case stands altogether on the written instrument of grant, the signature of the grantor, formal acknowledgment of signature, registry of the instrument in the office of the recorder of deeds and the intention of the grantor LeMehaute at the moment of his act.

■ The deed with acknowledgment of signature was recorded by the grantor. The effect of the registry act [§ 442.390, RSMo 1978] is to displace the solemn common law ceremony of livery of seisin as notice to the world that there has been a transfer of title from the grantor to the grantee. The registry act accomplishes that announcement of delivery by means of a public record rather than by the twig, clod, or key symbolic of enfeoffment at common law. *Perry v. Price*, 1 Mo. 553, 555 (1825). A recorded deed " 'is evidence of a most cogent character tending to show delivery, for it is tantamount to a public proclamation by the grantor at a public place, intended for the world to act upon, that the grantor had in apt and due form transferred his title [and thereby his land] to another.' " *Chambers v. Chambers*, supra, 127 S.W. l. c. 92. The registry act operates to create a presumption of delivery, and although the recordation of a deed—even by the grantor—does not have the effect of delivery, that fact proves a prima facie case of delivery. *Wilkie v. Elmore*, 395 S.W.2d 168, 172[4–9] (Mo.1965).

The plaintiff LeMehaute disputes that the recorded deed may bear to prove delivery because he neither registered the deed nor authorized the act. The evidence was

that attorney Colley—called as his witness—did not recall who recorded the deed. The testimony of plaintiff LeMehaute shows, merely, that in response to inquiry by counsel for daughter Renee: "Did you record this deed?", LeMehaute answered: "No." He then testified that three or four days after he signed the deed he retrieved the instrument, fully recorded, from the abstract company. While the evidence shows that LeMehaute did not himself present the deed to the recorder, the scant testimony gives inference that he [or attorney Colley for him in the normal course of such a transaction] empowered the abstract company for that purpose, caused acknowledgment of his signature on the deed to that end, awaited the lapse of time necessary for that procedure, and thereafter picked up the instrument from the abstract company, fully recorded—with all expectation and without demur.

■ The efficacy of delivery to recited grantee Renee is enhanced by her relationship as a daughter of grantor LeMehaute—for where a parent makes a voluntary settlement of lands upon a child, the presumption of delivery is more insistent than in a case of bargain and sale. *Baker v. Baker*, 363 Mo. 318, 251 S.W.2d 31, 37[10, 11] (1952). The plaintiffs contend, however, that whatever formal presumptions may favor the defendant Renee the evidence that grantor retained possession of the deed, never disclosed the transaction to Renee nor had delivery accepted by her, and that the grantor never intended a present conveyance of estate, all rebut the technical inference of delivery and establish the cause of action for reformation.

■ The retention of the deed by the grantor does not hinder the passage of title where delivery is intended. *O'Mohundro v. Mattingly*, supra, 353 S.W.2d l. c. 792[2]. In the circumstances of this case, however, grantor LeMehaute was also a grantee and the rule applies with logic that a deed delivered to one of the several grantees operates as a delivery to all of them, in the absence of a disclaimer. *Slagle v. Callaway*, 333 Mo. 1055, 64 S.W.2d 923, 928[2, 3] (1933);

*Carr v. Lincoln*, 293 S.W.2d 396, 401[5–7] (Mo.1956); 26 C.J.S. Deeds § 49, p. 707. The absence of an overt acceptance by the grantee at the moment of execution does not mar the completion of delivery where, by the circumstances, the intention of the grantor to convey title was not known. Acceptance by the grantee is presumed, however, where the grant is beneficial. *Chambers v. Chambers*, supra, 127 S.W. l. c. 92. Acceptance, as delivery, may be by word or act without formula or ceremony— according to the circumstances. *Weigel v. Wood*, 355 Mo. 11, 194 S.W.2d 40, 41[3–5] (1946). The refusal by Renee to reconvey, her execution of the insurance claim check for damage to the premises, and her refusal to subject the property to a mortgage, were tantamount to an assent.to acceptance of delivery once the conveyance was disclosed to her. In these circumstances, the acceptance, although accomplished later related back to the time the deed was delivered by registration by the plaintiff LeMehaute with intention that title should pass to the grantee Renee. *Weigel v. Wood*, supra, l. c. 41[3–5]; *Slagle v. Callaway*, supra, 64 S.W.2d l. c. 929.

The question remains of the intention of the parties, especially that of the grantor, essential to delivery. The contentions of the plaintiffs reduce to the proposition that, the full evidence considered, LeMehaute did not intend to pass a present estate to daughter Renee—that he was unaware of the legal implications of the deed of joint tenancy and that the deed was recorded without authority.

■ The evidence on this issue derives altogether from the plaintiff LeMehaute and his attorney witness. LeMehaute had remarried and wanted the property to go to the new wife and *his* children by joint tenancy without interference of probate should he die. There was a minor child, Lorna, so attorney Colley advised that an adult offspring who would look after the interest of the unnamed child would be a more suitable grantee. The deed was drafted accordingly. LeMehaute read the deed. He was made aware by the attorney

"that the three grantees on the deed were to be himself, his wife, Ruth M. LeMehaute, and Renee LeMehaute . . . [and] that there would be no other parties that would take by virtue of the deed." The deed was drafted accordingly. Although there was no discussion of "the legal import of the deed as such," the lawyer explained "as part of the discussion that he would have to be able to trust this child, because *if he ever wanted to do anything with the property it was going to require her signature.*" [Emphasis added]. Only then did LeMehaute sign the deed prepared according to his instructions. LeMehaute was not informed, as such, that the effect of the deed was to pass a present interest to Renee, but the testimony of his lawyer-witness unmistakably conveys that import in the practical and colloquial terms best suited to his understanding. It was with that awareness that the deed was signed, acknowledged and recorded.[1]

The contention for reformation does not rest on any evidence that the instrument of conveyance did not conform to the directions of the grantor or was fraudulent or mistaken. The initial inclination of plaintiff LeMehaute for a deed of joint tenancy to himself, his new wife and *his* children was modified on the advice of counsel to join only the adult daughter as a grantee. The plaintiff was prompted to the suit for reformation not to redress any oversight as to *his* children but by the petulance of the new wife that *her* son Bruce was not on the deed. This much is the sense of the testimony of daughter Renee and of the plaintiff LeMehaute himself:

Q. Were you aware that the [deed] document you now have in your hand, contained three names as grantees, the names of yourself, Ruth LeMehaute and Renee LeMehaute?

A. Yes.

Q. And you also were aware since you read it that the document did not contain the names of your daughter, Lorna, or your stepson, Bruce?

A. Yes, I understood that.

The burden to prove nondelivery of a deed rests on the party who asserts the affirmative of the issue—in this case, the plaintiffs LeMehaute. *Galloway v. Galloway,* supra, 169 S.W.2d l. c. 888[16, 17]. The reformation of a deed is a remedy not easily gained. Equity will not divest title on less than clear and convincing proof of mistake or fraud—and will not overturn a deed, put of record by the grantor, for nondelivery on evidence any less cogent. *Chambers v. Chambers,* supra, 127 S.W. l. c. 92; *Allan v. Allan,* 364 S.W.2d 578, 581[1–5] (Mo.1963). The plaintiff LeMehaute has not overcome the presumptions of delivery which favor the grantee from the registry of an acknowledged deed, the grant to a family member, and the retention of the instrument thereafter by the plaintiff LeMehaute as a joint grantee.

The discovery of intention of the grantor to make delivery of a deed refers to "the very time those acts [which consummated delivery] sprang into existence." *Chambers v. Chambers,* supra, 127 S.W. l. c. 91. An afterthought of regret does not nullify the passage of title by a delivery and made by the grantor. The

---

1. The trial court excluded from evidence, as a "legal conclusion," this vital testimony from the cross-examination of the plaintiff LeMehaute:

Q. And you understood at the time you signed the deed, since Mr. Colley told you, Renee would have to sign papers in the future. That you, by signing the deed, were passing title—conveying title of the property to yourself and Ruth and Renee?

A. Yes.

The state of mind, as well as the words and acts, of the grantor bear relevantly on the issue of intent to deliver a deed. *Chambers v. Chambers,* supra, 127 S.W. l. c. 91, 92[9]. Since delivery is a mixed question of fact and law [*Shroyer v. Shroyer,* supra, 425 S.W.2d l. c. 219[2–7]], what the grantor understood—and so, intended—as the effect of his signature on the deed is also directly relevant on that issue despite the evidence may at once prove a fact and assume a legal proposition. The evidence was admissible, and though rejected by the trial court, was preserved and must be considered on appeal. *Brewer v. Blanton,* 555 S.W.2d 381, 385[6] (Mo.App.1977); Rule 73.01(3).

admissible evidence shows an intention by LeMehaute to make the joint grant and delivery to daughter Renee, thoughtfully considered and effected with full understanding of the consequences of that conduct. This intention to part with dominion over the instrument and to pass dominion and control over the conveyance as a present grant of joint title to the land was not overcome by sufficient proof. *Galloway v. Galloway*, supra, 169 S.W.2d l. c. 888[11]. Rather, the evidence by the plaintiff that he sought the consent and concurrence of his daughter to make additional grants to the other children, to encumber the land and to endorse the check which issued from the insurance coverage on the premises tends to prove that he considered he had delivered a present estate in that property to Renee.

The argument made to extricate the deed from the recordation as done without the authority of the grantor, we have shown, does not rest on any substantial proof. The full evidence refutes the contention: the plaintiff LeMehaute made no effort to expunge the record of the deed but rather went to the abstract office with every expectation to receive a recorded instrument. In all events, whatever the intimations of the testimony by the plaintiff, that he did not record the deed, there was *no* evidence that he did not intend the deed to be put of record. In such circumstances, the argument falls without force of proof. *Rebmann v. Rebmann*, 384 S.W.2d 663, 665[1, 2] (Mo.1964).

The case of *Shroyer v. Shroyer*, supra, where the court found lack of intention to deliver a deed, does not support the plaintiff as he supposes. That warranty deed was *not* recorded and the grantor retained the deed but *not* also as a joint grantee. The factual distinctions between *Shroyer* and the case at bench are numerous. The question of delivery rests distinctively on the aggregate of circumstances of the case. The plaintiffs LeMehaute have failed in their burden to rebut the prima facie proof that the grant to the defendant Renee was operative or otherwise to prove nondelivery

of that deed. The judgment is against the weight of the evidence and is wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

The judgment is reversed and remanded with direction to enter judgment for the defendant.

All concur.