**Gladys GREUTER, Respondent,**

v.

**Shirley WETEKAMP, Respondent,**

and

**Sharon Dudley, Appellant.**

No. 26090.

Missouri Court of Appeals,
Southern District,
Division Two.

July 20, 2005.

Motion for Rehearing or Transfer to Supreme Court Denied Aug. 11, 2005.

R. David Ray, Ray & Fisher, West Plains, for appellants.

Steven Privette, Willow Springs, for Respondent Greuter.

James E. Meadows, John C. Holstein, Springfield, for respondent Wetekamp.

JOHN E. PARRISH, Presiding Judge.

Sharon Dudley appeals a judgment setting aside a deed executed by her mother, Gladys Greuter, in 1981 that purported to convey a 160–acre farm located in Texas County, Missouri, to Gladys Greuter, Sharon Dudley, and Shirley Wetekamp as joint tenants. This court affirms.

This case was tried before the trial judge without a jury. As such, appellate review is undertaken pursuant to Rule 84.13(d).

The trial court's judgment will be reversed only if no substantial evidence supports the judgment, if the decision is against the weight of the evidence, or if the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). When determining whether the evidence is sufficient to support the judgment, appellate courts review the evidence and all reasonable inferences from such evi-

dence in the light most favorable to the trial court's judgment and disregard all contrary evidence. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo.banc 1989). On appellate review of a case tried without a jury, due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses. Rule 84.13(d)(2). The trial court is vested with the discretion to believe or disbelieve all, part, or none of any witness' testimony. *T.B.G.*, 772 S.W.2d at 654.

*Foster v. Village of Brownington*, 140 S.W.3d 603, 607 (Mo.App.2004).

Sharon Dudley and Shirley Wetekamp are twin daughters of Gladys Greuter. Mrs. Greuter and her husband, Henry Greuter, who died in 1973, owned the real estate described in the 1981 deed for many years prior to his death. In 1981, Mrs. Greuter requested an attorney, William Gladden, to prepare the deed for the property that is the subject of this action. After the deed was prepared and signed by Mrs. Greuter, she "took it home and rolled it up, put it in a container—it was a metal container, ... a little metal box." She put the metal box in the bottom of a clothes hamper where she kept her "special papers." The deed was filed for record and recorded in the deed records of Texas County, Missouri, on July 15, 1991.

Mrs. Greuter was asked the following questions and gave the following answers about the recording of the deed:

Q. Now, Ms. Greuter, did you, yourself, take the deed out of that box and take it over to the courthouse?

A. No, I never.

. . .

Q. Did you give anyone permission to take the deed and have it recorded?

A. Not unless I had passed away.

Q. Not unless you passed away. That's going to be my next question. Did you tell your kids that when you died they should take that deed over and record it?

A. Yes.

Q. And why was it that you didn't want it recorded until you died?

A. Well, I just wanted everything in my own possession.

Q. Okay. Did you want to be able to tear that deed up or change your mind if you wanted to?

A. I don't think I had any intentions of ever tearing it up.

Q. But if you wanted to do that, did you—

A. But if I wanted to do that, that was what I would have done.

Q. Okay. Did you want that deed to be put into effect while you were still alive?

A. No.

Q. Who—Do you know who took the deed and recorded it?

A. No, I don't.

Q. And you didn't want it recorded, though?

A. I didn't want it recorded, no.

Mrs. Greuter told the trial court she was "asking the Court to set aside the deed that was recorded, to make it un-recorded, so to speak." She said she wanted to make a different disposition of her property.

The trial court made findings of fact and entered conclusions of law. It found there was no delivery of the deed with the grantor's concurrent intent that the deed operate immediately to convey a present interest in the property. It concluded that Gladys Greuter did not intend for the deed to take effect during her lifetime; that the deed was "void for lack of delivery." The

trial court entered judgment setting aside the deed.

Ms. Dudley presents one point on appeal. She contends the trial court erred in setting aside the deed "for want of delivery." She argues "the record of evidence was legally insufficient either to meet the burden of proof as to non-delivery, or overcome the legal presumption of delivery created by recording, in that the grantor was also a co-grantee, the deed was duly recorded pursuant to law and thereafter placed in the possession and control of the remaining co-grantees."

*Rhodes v. Hunt,* 913 S.W.2d 894 (Mo. App.1995), explains:

> A deed, to be operative as a transfer of the ownership of land or an interest or estate therein, must be delivered; it is delivery that gives the instrument force and effect. [*Galloway v. Galloway,* 169 S.W.2d 883 (Mo.1943) ] at 888[10]. Delivery signifies that all dominion and control over the deed is passed from the grantor to the grantee, or to someone for him, with the intention of transferring the present ownership of land, or an interest or estate therein. *Id.* at [11].... The intention of the parties, especially of the grantor, is the essence of delivery. *Id.* at [13]. Such intention may be manifested by acts, words, or both. *Id.* at [14]. The burden of proving nondelivery is upon the party who seeks to invalidate the deed because of alleged nondelivery. *Id.* at [17].

*Id.* at 900.

■ "[R]ecording of a deed, even by the grantor, does not in itself operate as a delivery of the deed." *Wilkie v. Elmore,* 395 S.W.2d 168, 172 (Mo.1965). Its recording does, however, create a presumption or a prima facie case of delivery. *Id.* The controlling element, however, in determining delivery of a deed is the intention of the parties, particularly that of the grantor. *Underwood v. Gillespie,* 594 S.W.2d 372, 375 (Mo.App.1980); *LeMehaute v. LeMehaute,* 585 S.W.2d 276, 280 (Mo.App.1979).

■ Mrs. Greuter testified that she did not intend to deliver the deed; that she did not know how it came to be recorded; that she was not the one who recorded it. The trial court heard the testimony. The trial court stated in its findings of fact, "Having reviewed and considered all of the evidence, the Court finds that the evidence is clear, cogent and convincing that Gladys Greuter did not intend for the deed to take effect during her lifetime." It further found, "The evidence is clear, cogent and convincing that there has not been a delivery of the deed with the concurrent intent by grantor Gladys Greuter that it operate immediately to convey a present interest in the property." The trial court concluded, "The 1981 deed is void for lack of delivery. Plaintiff Gladys Greuter is entitled to the equitable relief she has requested."

■ There was substantial evidence to support these findings. The fact that Mrs. Greuter was, in addition to the grantor, a co-grantee, and the fact that the deed was placed within the possession and control of the remaining co-grantees, does not require a determination adverse to that made by the trial court.

■ Delivery of a deed to one of several grantees, including a grantee who is also a grantor, operates as a delivery to all of them in the absence of a disclaimer. *LeMehaute, supra.* This rule is applicable only when the intention of the grantor to convey title is not known. *Id.* The controlling factor in determining whether delivery of title occurred is the intention of the parties, particularly that of the grantor. *Id.* Further, "[p]lacing an executed and acknowledged deed in a place where the grantee has access and from which he can, without hindrance, transfer it to his pos-

session, but with the intent that the grantee not take it and have it recorded until after the grantor's death, does not constitute a delivery." *Green v. Stanfill*, 612 S.W.2d 435, 437 (Mo.App. 1981).

There was evidence, which was believed by the trial court, that the intent to effect delivery of the deed was lacking and that the deed was recorded without authority. The judgment is supported by substantial evidence. It is not against the weight of the evidence. This court finds no erroneous declaration or application of law. The Judgment is affirmed.

BATES, C.J., and SHRUM, J., concur.