Calvin E. ROBERTSON and Joan Robertson, Plaintiffs–Respondents,

v.

CLARK BROTHERS BUILDERS, INC., A Missouri corporation, Defendant–Appellant.

No. 16243.

Missouri Court of Appeals, Southern District, Division One.

March 15, 1990.

Robert M. Ramshur, Ramshur and Goforth, P.C., Piedmont, for plaintiffs-respondents.

Matthew D. Richardson, Poplar Bluff, for defendant-appellant.

PREWITT, Judge.

Following nonjury trial plaintiffs received judgment in their favor for $8,500. Defendant appeals.

Plaintiffs were the owners of a 1977 half-ton Ford Super Cab pickup truck and a 1977 Yellowstone 32–foot fifth-wheel camper trailer. There was evidence that the value of these items was approximately $8,500. In April of 1987 Mr. Robertson made an oral agreement with defendant's "owner" that defendant would display the vehicles for sale on its business lot in Poplar Bluff. If a buyer was found defendant would receive $200 upon completion of the sale. No question is raised regarding the authority of the "owner" to bind defendant.

Buyers were found for the vehicles and they paid $3,000 down. The balance was to be paid within a month. Defendant received $100 from these proceeds. Before the sale was completed the vehicles were removed, apparently stolen at night, from the lot. They have not since been located. There was evidence that part of a rail had broken off the camper and was lying in a ditch close to the driveway to the premises. Plaintiffs had given keys to the vehicles to defendant and they were still in defendant's business office. After the vehicles could not be located, the prospective buyers were refunded their money.

The case was tried on a bailment theory, the plaintiffs alleging failure to return the vehicles. No findings of fact were requested and in entering judgment for plaintiffs none were made. Our review is under Rule 73.01(c). As that rule is interpreted in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we are to affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or erroneously applies the law. Under that holding we are to set aside a judgment because it is against the weight of the evidence only with caution and "with a firm belief that the decree or judgment is wrong." *Id.*

All fact issues are determined in accordance with the court's judgment. Rule 73.-01(a)(2); *Young v. Ray America, Inc.*, 673 S.W.2d 74, 78 (Mo.App.1984). The judgment is to be affirmed if it can be supported on any theory of law in accordance with the evidence. *Id.* We give due deference to the trial court's opportunity to evaluate the witnesses' credibility. Rule 73.-01(c)(2); *Centennial Insurance Co. v. International Motor Car*, 581 S.W.2d 883, 885 (Mo.App.1979).

Although plaintiffs initially pleaded a two-count petition, one based on negligence and the other on failure to redeliver the property, at trial plaintiffs' counsel announced they were proceeding only on the latter count and theory. Defendant acknowledges that this was a mutual benefit bailment and that on failure to return the bailed property the burden was on it to "excuse or explain [its] failure to return the property." See *Thummel v. Krewson*, 764 S.W.2d 700, 705 (Mo.App.1989).

Defendant presents one point here, contending that as a bailee, it "clearly carried its burden of proof that it exercised ordinary care with respect to the bailed property and the trial court erred in holding the defendant appellant liable for the plaintiff[sic]-respondents loss."

A bailee may excuse the failure to return the property to the bailor by showing that the loss or damage was "not due to his failure to exercise ordinary diligence, but was due to an inevitable accident, commonly called an act of God, or to an over-

powering and irresistible force, as a hostile army." *Nuell v. Forty–North Corporation,* ·358 S.W.2d 70, 75 (Mo.App.1962). Robbery is an irresistible force, but theft is not. *Id.*

 Defendant offered evidence that its security system for vehicles was used by most of the used car dealers in the area where defendant was located. Although customs and usage may be generally admissible to show what others have done, they do not establish the legal standard of care. They may, however, be taken into account in determining whether conduct is negligent. *Broadview Leasing Co. v. Cape Central Airways,* 539 S.W.2d 553, 562–563 (Mo.App.1976). See also *First National Bank of Sikeston v. Goodnight,* 721 S.W.2d 122, 126 (Mo.App.1986) (evidence of custom and usage, while admissible, does not establish a standard of conduct or a defendant's duty).

 That defendant's testimony as to due care was essentially unchallenged does not compel a finding in defendant's favor. See *Centennial,* 581 S.W.2d at 885. The trial court's opportunity to have judged the credibility of the witnesses is given due deference here and the trial court can believe or disbelieve oral testimony whether or not uncontradicted. *Id.*

In *Nuell,* the court noted that the defendant did not show how the vehicle was removed. There, the defendant sought to rely on the inference that the automobile had been stolen from the lot by a stranger, but there were other unexplained possibilities, including that one of defendant's employees may have taken it. The court also pointed out that even had the car been stolen, that alone would not absolve the defendant as it would have to show that it had exercised ordinary care to safeguard the automobile from being stolen. 358 S.W.2d at 76–77. See also *Scholman v. Joplin Automobile Auction Co.,* 439 S.W.2d 215, 218 (Mo.App.1969) ("[p]roof of loss by theft was not in itself sufficient to exonerate the defendant").

Under the evidence the trial court could properly have found for plaintiffs based upon the defendant's failure to redeliver

and the defendant not convincing the trial court that it met its burden of proof of showing ordinary care.

The judgment is affirmed.

CROW, P.J., and PARRISH, J., concur.